C. H. SKINKER, Assignee, Appellant, v. W. SMITH, Respondent.

| 48 | 91 |
|----|-----|
| 86 | 511 |

Kansas City Court of Appeals, February 8, 1892.

1. **Set-off** : CROSS-JUDGMENTS. The power to set-off one judgment against another is inherent in the courts, and the only equitable power which the common-law courts originally possessed.

2. ———— : ———— : PRINCIPAL AND SURETY. The right exists at common law, independent of the statute, to apply a judgment in favor of a principal alone in satisfaction of one against him and his surety.

3. ———— : ———— : ASSIGNEE'S RIGHTS : ATTORNEY'S FEE. Where prior to an assignment of a judgment the right exists to have another judgment set off against such assigned judgment, the assignee takes subject to such right of set-off; especially is this the case, where the assignee, as in this case, has notice of such right of set-off; nor will the fact that such assignment was made to secure an attorney's fee antecedently earned defeat the right of set-off.

*Appeal from the Polk Circuit Court.*—HON. W. I. WALLACE, Judge.

AFFIRMED.

*James G. Simpson*, for appellant.

(1) The right of set-off did not exist at common law. The statute must give or it does not exist.

And the statute being in derogation of common law must be strictly construed. And a party to be entitled to its benefits must be clearly within its provisions. *State ex rel. v. Eldridge*, 65 Mo. 584; *Primm, Taylor & Brown v. Ransom*, 10 Mo. 444. (2) The parties to the two judgments are not the same. Appellant's judgment is against Smith and Campbell. If executions issued upon these judgments could not have been set off, certainly the judgments themselves could not be set off. Yet it is clear from an inspection of the fourth subdivision of section 8171, Revised Statutes, 1889, that executions issued upon these judgments could not have been set off. The right to setoff assigned claims includes only choses in action. R. S. 1889, sec. 8161. A judgment is not a chose in action. The assignment of a judgment vests the title thereto in the assignee as absolutely, and with the same effect, as the sale of a horse passes the title to the purchaser, and the law of set-off has no more application to the one case than to the other. R. S. 1889, sec. 6043. (3) A judgment assigned for value and in good faith cannot be set off. *Primm, Taylor & Brown v. Ransom, supra; Ledyard v. Phillips*, 24 N. W. Rep. (Mich.) 551; *Gallaher v. Pendleton*, 7 N. W. Rep. (Iowa) 512; *Bill v. Perry*, 43 Iowa, 368; *Ramsey's Appeal*, 27 Am. Dec. 301.

*T. G. Rechow* and *Hamlin & Emerson*, for respondent.

(1) From the time of the filing of the transcript in the office of the clerk of the circuit court the same to all intents and purposes becomes a judgment of the circuit court. R. S. 1879, secs. 2998, 2999. "And shall be under the control of the court where the transcript is filed." Sec. 2999, *supra*. And such judgment has the same force and effect as though originally rendered in the circuit court. *Carpenter v. King*, 42 Mo. 219; *Waddell v. Williams*, 50 Mo. 216. And the circuit

court acquires jurisdiction and may modify the judgment. *Bauer v. Bauer*, 40 Mo. 61 ; *Babb v. Bruere*, 23 Mo. App. 604 ; *Bauer v. Miller*, 16 Mo. App. 257.   ( 2 ) These were cross-judgments between the same parties, and, therefore, the proper subject to set off.   *Quick v. Durham*, 13 W. Rep. (Ind.) 1069.   The fact that the plaintiff was also against the security in the appeal bond does not change their character.   Appellant took the assignment with full knowledge of defendant's judgment, and, therefore, occupies no better position than would Childers.   2 Black on Judgments, sec. 953, *et seq.; Chase v. Woodward*, 61 N. H. 79 ; *Hovey v. Morrell*, 61 N. H. 9 ; *Hovey v. Morrell*, 60 Am. Rep. 315; *Simpson v. Hart*, 1 Johns. Ch. 91 ; *Ins. Co. v. Power*, 3 Paige, Ch. 365 ; *Graves v. Woodberry*, 4 Hill (N. Y.) 559 ; *Pierce v. Bent*, 69 Me. 381 ; *Hobbs v. Duff*, 23 Col. 596 ; *Merrill v. Souther*, 6 Dana, 305 ; *McBride v. Fallon*, 65 Cal. 301 ; 2 Black on Judgments, sec. 1002 ; Waterman on Set-off [1 Ed.] secs. 337, 341, 352.

SMITH, P. J.—Childers commenced two suits against Smith before a justice of the peace, in one of which he recovered judgment against Smith, and in the other Smith on a counterclaim recovered judgment against him.   In the former case, Smith appealed to the circuit court where judgment was on April 29, 1889, rendered against him for $78.   There was no appeal taken by Childers from the judgment of the justice against him and in Smith's favor.   On the twenty-third day of April, 1889, Smith filed a transcript of the last-mentioned judgment against Childers, which was for $75, in the office of the clerk of the circuit court. Afterwards on the thirtieth day of the same month, Childers assigned to Skinker, on the margin of the record thereof, the judgment of the circuit court against Smith.   On May 4, 1889, Smith filed a motion in the circuit court to set off his judgment against that of Childers.   This motion was sustained.   Afterwards

Skinker filed a motion to set aside this judgment and to be made a party, which motion was sustained by the court. The motion of Smith was again heard and sustained, and from the judgment in his favor on the motion, Skinker appeals here.

The question thus presented is whether the transcript judgment in favor of Smith could be set off against the circuit court judgment of Childers, notwithstanding the assignment of the latter to Skinker before the filing of the motion for that purpose.

Before proceeding to consider the question just stated, we may state that it sufficiently appears from the transcript of the proceedings before the justice of the peace in the case in which Smith obtained judgment against Childers on his counterclaim that the justice had jurisdiction and that such judgment is not subject to attack on that account, and especially is this so in view of the statutory provisions in relation to the effect of informalities in the entries required to be made in the docket of a 'justice of the peace. As to the objection that Childers had no notice of the filing of the motion it is sufficient to say that he appeared thereto, and besides this no such point was in any way made in the court below nor is he complaining of the action here, so that this objection is entirely without force.

The motion was based on section 8168, Revised Statutes, 1889, which provides that, ''whenever any circuit court shall render final judgment in causes in which the parties shall be reversed, and shall sue and be sued in the same right and capacity, such court may, whether such judgment be rendered in the same court or not, if required by either party, set off such judgment, the one against the other, and issue execution in favor of the party to whom the balance may be due, and credit such execution with the amount of such set-off.'' It has been held that the power to set off one judgment against another is an inherent one, and the only equitable power

which the common-law courts originally possessed. *Chandler v. Drew*, 6 N. H. 469. It makes no difference that one of the judgments, as is the case here, is against the principal and his surety on the appeal bond. A judgment in favor of the principal alone may be applied in satisfaction of one against him and his surety. This right exists at common law independent of the statute. *Pence v. Bent*, 69 Me. 381, and the numerous authorities there cited. And the principle has long been settled in this state in favor of one of several defendants to offset an individual claim against a plaintiff. *Kent v. Rogers & Dillon*, 24 Mo. 306 ; *Mortland v. Halton*, 44 Mo. 58 ; R. S., sec. 8164. So that there is nothing in the objection that the parties to the two judgments are not the same. This is manifestly a case where there were cross-judgments, and where the parties were consequently reversed. It seems quite clear that, as between Smith and Childers, the judgments were such as could be set off under the statute.

But the further question is whether the assignment of the Childers' judgment to Skinker had the effect to cut off and destroy Smith's right of set-off. Smith's transcript judgment was in force at the time Childers obtained his judgment, so that the right of set-off of the former against the judgment of the latter then attached. The assignment by Childers to Skinker of his judgment was made the day after its rendition. It appears from the record that Skinker had been familiar with the litigation between Childers and Smith through its various stages, and had knowledge of the existence of the judgment of Smith against Childers at the time of the assignment. The assignment of the Childers' judgment was made to Skinker to secure his fees for services antecedently rendered. In this state this gives an attorney no lien on the judgment obtained by him for his client for his fee for services rendered in obtaining the same, and even in those jurisdictions where such lien is given an assignment of the judgment prior to

the motion to have the set-off made will not defeat the right of set-off. *Yorton v. Railroad*, 62 Wis. 367; *Taylor v. Williams*, 14 Mo. 155; *Marshall v. Cooper*, 43 Md. 46; *Levy v. Steinback*, 43 Md. 212; Waterman on Set-Off, sec. 361. The reason of the rule is, that the assignee and attorney stand in no better position than the judgment creditor himself, and are subject to the same equitable rights which existed in favor of the adverse party. *Gano v. Railroad*, 60 Wis. 12; *Yorton v. Railroad*, 62 Wis., *supra; Graves v. Woodbury*, 4 Hill, 559; *Hovey v. Merrill*, 61 N. H. 9; *Kowe v. Langley*, 49 N. H. 395. It has been expressly decided in Maine and California, and perhaps elsewhere, that if the right of set-off had attached at the time of the assignment, as in this case, the assignee must take the demand *cum onere*, with the right to set-off still clinging to it, or which is the same thing neither of the parties assigning the judgment to a third party could have defeated the right of the other to have his judgment set off. *McBride v. Fallon*, 65 Cal. 300; *Pierce v. Bent*, 69 Me. 381; *Chase v. Woodward*, 61 Me. 79; *Langston v. Roby*, 68 Ga. 406; *Wells, Fargo & Co. v. Clarkson*, 5 Mont. 336; *Irvine v. Myers*, 6 Minn. 502; Black on Judgments, secs. 953, 954.

It is ruled in a great number of cases referred to in Mr. Black's work on judgments, section 952, to the effect that where a judgment recovered by the plaintiff has been assigned to his attorney in good faith in payment for his services in the action, the court should refuse to set off against such judgment a judgment recovered by defendant against plaintiff prior to the assignment, but of which the attorney *had then no other notice*, but, without committing ourselves to the approval of this rule, it is sufficient to say that the case at bar does not upon its facts come within this rule, for the reason that the assignee had notice of the judgment of Smith prior to taking the assignment.

It seems to us that both upon principle and author-
ity we are bound to hold that Smith's right to set-off
existed before the assignment, and that it could not be
cut off or defeated by such assignment.

It results that the judgment must be affirmed.   All
concur.