SOUTH MISSOURI LAND COMPANY, Appellant, v. GEORGE W. COMBS *et al.*, Respondents.

St. Louis Court of Appeals, March 21, 1893.

Practice, Trial: REQUISITES OF AGREED STATEMENT OF FACTS. When a cause is submitted to the trial court upon an agreed statement of facts, the burden is upon the party seeking to recover to show his right of recovery from the facts as stipulated.

*Appeal from the Howell Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED.

*Wallace Pratt* and *Olden & Orr*, for appellant.

*Orchard & Clarke* and *N. B. Wilkinson*, for respondents.

BOND, J.—This is an action for $162.80, the price of lumber furnished by plaintiff in the construction of a house on a lot in Willow Springs belonging to G. W. Rhea, and for judgment declaring said sum a lien on said property. The cause was tried by the court upon an agreed statement of facts. The court gave judgment in favor of the plaintiff and against defendant Rhea for the debt sued for, but refused a lien on the property.

It is the settled law of this state that appellate courts will consider a case tried upon an agreed state of facts as one in which a special verdict has been rendered, and will dispose of the same on appeal by rendering a judgment in accordance with the conclusion of law upon the facts stated. *Munford v. Wilson*, 15 Mo. 558; *Gage v. Gates*, 62 Mo. 416. In all such cases the onus is on the plaintiff to show, from the facts as stipulated, his right to recover. *Gilliland v. Railroad*, 19 Mo. App. 411, 418. In the case at bar the agreed statement of facts wholly fails to show that any of the defendants, except Combs, against whom no recovery was sought, were sued or made parties to the action within the statutory time prescribed for bringing suit after filing the lien claim. This defeats appellant's claim to a lien on the property, and debars us from deciding the points urged in its favor with much ability in the appellant's brief.

The judgment herein is, therefore, affirmed. All the judges concurring, it is so ordered.