LOUIS G. BURRIS, Respondent, v. SHREWSBURY PARK LAND AND IMPROVEMENT COMPANY, Appellant.

St. Louis Court of Appeals, December 5, 1893.

1. **Contracts**: RIGHT OF RESCISSION. The breach of a contract will not warrant the rescission thereof by a party, if it was occasioned by his own default.

2. ———: INDEPENDENT CONTRACTS. When a contract requires a payment to be made at a time which may happen before a certain covenant of the payee is to be performed, such covenant and that for the payment are independent covenants.

3. **Practice, Appellate**: JUDGMENT ON AGREED STATEMENT OF FACTS. When a cause is submitted to the trial court on an agreed statement of facts, and the proper judgment thereon is a mere conclusion of law, it is the duty of this court to render such judgment as the trial court should have rendered, if that of the trial court is found erroneous.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

REVERSED AND REMANDED.

*J. M. Holmes* for appellant.

(1) A mere threat of noncompliance by one party, before the time for compliance on his part is reached, will not relieve the other party from a performance or tender of performance of his portion of the contract, when such performance is a condition precedent to such compliance. *Daniels v. Newton*, 114 Mass. 530. (2) Plaintiff had no right to demand a deed without tendering notes secured by deed of trust for payments to fall due under the term of the contract. *Campbell v. Gittings*, 19 Ohio, 347; *Williams v. Healey*, 3 Denio, 363; *Gazley v. Price*, 16 Johns. 267; *Dunham v. Petter*, 4 Seld. 308; *Lester v. Jewet*, 1 Kan. 453; *Turner v. Mellier*, 59 Mo. 526.

*Pollard & Mott* for respondent.

(1) Before appellant could rightfully forfeit the contract, it must have executed and delivered, or offered to execute and deliver, the warranty deed, thereby placing respondent in default. And this is true, whether the covenants be construed as dependent or independent. This, appellant never did. *Gerrard v. Macey*, 10 Mo. 161; *Rector v. Purday*, 1 Mo. 131; *Lucas v. Clemens*, 7 Mo. 367; *Grant v. Johnston*, 5 N. Y. 247; *Leonard v. Bates*, 1 Black, 172; *Kane v. Hood*, 13 Pick. 281. (2) Appellant's notification on April 20, that the contract was at an end and *a fortiori* its refusal, on April 29, to execute the warranty deed, when respondent offered to execute and deliver the notes and deed of trust, and its further notification, at that time, that it had forfeited the contract, and that respondent had no further rights under it, was a renunciation of the contract, and gave respondent the right to treat it as at an end, and sue for a breach or to recover the money paid. *Norrington v. Wright*, 115 U. S. 188; *Johnston v. Milling Co.*, 16 Q. B. Div. 460; *American Life Ins. Co. v. McAden*, 109 Pa. St. 39; *Frost v. Knight*, L. R. 7 Ex. 112; 3 American and English Encyclopedia of Law, p. 904. (3) It was not necessary for respondent to actually produce the notes and deed of trust. It was only necessary for him to show an offer to perform, and a refusal by appellant to comply with its covenant. *Price v. Vanstone*, 40 Mo. App. 207; Benjamin on Sales, sec. 592; *Ibid*, Bennett's Notes, p. 559; *Garred v. Doniphan*, 10 Mo. 161; *Denny v. Kile*, 16 Mo. 450; *Turner v. Mellier*, 59 Mo. 526. (4) Appellant's covenant to make sidewalk and plant a double row of trees should have been performed within a reasonable time; from November 24, 1890, to April 24, 1892, was an unreasonable time under the circumstances.

BOND, J.—This suit was begun before a justice of the peace to recover $110, paid by respondent under the agreement hereinafter set forth, which was alleged to have been broken by appellant.

The parts of the agreement (exhibit A) between the parties to this suit, which bear upon their rights, are as follows:

"This is to certify that the Shrewsbury Park Land and Improvement Company, a corporation, has, this twenty-fourth day of November, 1890, sold to Louis G. Burris, for the sum of four hundred (400) dollars, lot number ten (10), block twenty-three (23), in fourth subdivision of said park, in St. Louis county, Missouri, upon the following terms: Cash paid at this time ten (10) dollars, receipt of which is hereby acknowledged, and the remainder, three hundred and ninety (390) dollars, to be paid as follows, to-wit:

"The sum of ten (10) dollars on the twenty-fourth day of each month thereafter.at the office of this company until one hundred (100) dollars has been paid, at which time said company will execute a sufficient general warranty deed, conveying said property to the said purchaser; and he agrees to execute to said company thirty (30) notes for the deferred payments, each for the sum of ten (10) dollars, payable monthly thereafter, and secured by a deed of trust, in the usual form, on said property. Said warranty deed to contain the following provisions, intended for the protection of the purchaser. (Here follow certain clauses not necessary to be set out.)

"Said Shrewsbury Park Land and Improvement Company hereby agrees at its own expense to pave streets in front of said property with good substantial macadam and gravel; also to make sidewalks and to plant a double row of good trees.

"It is agreed that, if the purchaser. shall not faithfully comply with the provisions of this contract, after the lapse of sixty days from such failure this contract shall become null and void without notice, unless a further extension is obtained from an officer of the company in writing, and that time shall be the essence of this contract."

The trial of the case was had in the circuit court upon an agreed statement of facts, viz.:

"It is stipulated and agreed that the following facts are to be taken as admitted in the above cause, and the said cause is submitted upon this agreed statement and the petition and pleadings filed in the justice court.

"That plaintiff and defendant duly entered into the agreement hereto attached and marked exhibit "A" (contract *supra*).

"That plaintiff, in pursuance of the terms of said agreement by him to be performed, paid defendant the sum of $10 for each and every month after the date of said agreement upon the twenty-fourth day thereof, until plaintiff had paid and defendant had received the sum of $100 in addition to the sum of $10 paid by plaintiff, the receipt of which last sum is acknowledged by defendant in said exhibit "A," the last payment being September 24, 1891.

"That, on the eighteenth day of October, 1891, plaintiff sent to Mr. Gorman, agent of defendant, the following letter:

'St. Louis, October 18, 1891.

'*Mr. J. E. Gorman:*

'Dear Sir:—I am afraid I will not be able to keep up my payment on lot. Is there any way I can get at least part of the money back that I have paid in on it? Do you think the company would pay me half what I

have paid in, and take it off my hands? Please see what you can do about this matter, and let me know.

'Yours respectfully,

'L. G. BURRIS, 923 N. 19th St.'

"That on or about the tenth day of April, 1892, defendant notified plaintiff that he was in default of his payments under said exhibit "A," and that unless he continued said payments, it would declare said exhibit "A" forfeited, and that all and singular the several sums of money paid by him thereon would become the property of defendant absolutely.

"That on or about the twentieth day of April, 1892, defendant told plaintiff that the agreement, marked exhibit "A," had been declared forfeited by defendant, and that the several sums of money paid by plaintiff to it became thereby the property of defendant, who refused to return the same or any part thereof to plaintiff.

"That on or about April 29, 1892, plaintiff demanded of defendant that it execute and deliver to him a sufficient general warranty deed conveying the premises described in exhibit "A," and that plaintiff notified defendant that he stood ready, willing and able to execute and deliver on his part to defendant twenty-nine notes of $10 each for deferred payments, payable monthly thereafter, and that he would duly execute and deliver to defendant a deed of trust, in the usual form, on said property, securing said notes, all in conformity with the requirements imposed upon him by said exhibit "A," but did not produce or tender such deed or notes. That defendant then notified him that it had long before that declared the said exhibit "A," forfeited, and that plaintiff had no rights thereunder, and that it refused to execute and deliver said warranty deed so demanded by plaintiff. Plaintiff thereupon demanded of defendant a return of the said

VOL. 55—25

several sums of money paid by him to it, which defendant refused to do either in whole or in part.

"That plaintiff on said twenty-ninth day of April, 1892, demanded that defendant make sidewalks, and plant a double row of trees in front of said lot as agreed by the terms of exhibit "A," which defendant refused to do, the fact being at that date that the street in front of said lot was paved with good and substantial macadam and gravel, as required by the terms of the contract, but the sidewalk was not laid nor were the trees planted. That at the time of said demand there was no house on the street on which the said lot fronted beyond said lot, and that said lot itself was vacant.

"That said sidewalk since the institution of this suit has been laid and said double row of trees planted.

"That defendant at no time prior to the institution of this suit ever executed and tendered to plaintiff a deed for the property mentioned in exhibit "A."

"That defendant did at the trial of this cause in the justice court tender a good and sufficient warranty deed to the property described in exhibit "A," and tendered for his execution notes for the payments called for by the terms of exhibit "A," which had not been paid, together with a deed of trust, in the usual form, securing the same, but plaintiff refused to accept said deed or execute said notes and deed of trust."

This case having been tried upon an agreed state of facts, it is our duty to apply the conclusions of the law as if the facts stated had been found by a special verdict. *South Missouri Land Co. v. Combs*, 53 Mo. App. 298.

The cause of action filed by respondent before the justice set forth the contract between the parties for the sale of a lot of ground, *supra*, alleging performance

by the respondent of all the provisions, etc., of the contract, and, futher, a demand of a deed and tender of notes and trust deed by the respondent, and failure of the appellant to comply with said demand, and also nonperformance on its part of other terms of the contract, and a declaration by defendant on April 29, 1892, of a forfeiture to itself of payments made by the respondent; wherefore respondent prayed for judgment for said sums paid by him under said contract.

It is obvious that the respondent's action is predicated on the assumption that the contract described in his petition was rescinded, and that he was therefore entitled to recover back the money paid thereunder. Contracts under seal may be rescinded by an *executed* parol agreement, or by an executory parol agreement, provided the latter is founded upon a consideration. *Lancaster v. Elliott, ante p.* 249; *Pratt v. Morrow,* 45 Mo. 404. Neither of these methods of rescission was adopted in this case. The only grounds alleged by respondent in support of his theory of a rescission of the contract are: *First.* That on April 29, 1892, he demanded a deed and offered his notes and trust deed therefor, and that the same was refused by appelant. *Second.* That the appellant declared the contract forfeited on April 20, 1892, and appropriated the payments made theretofore by the respondent under claim of a right to forfeit said contract. *Third.* That appellant unreasonably delayed compliance with its contract obligation to make streets and sidewalks and plant trees.

It is perfectly plain that, after the payment of ten of the eleven installments of the purchase money, the respondent was entitled to demand a deed to the lot, and was bound to execute for it his notes and deed of trust as prescribed in his contract. Nor did it affect his obligation in this respect whether it was the duty of

appellant to offer the deed in the first instance, or to await his demand. In either case he could not have gotten the deed without giving his notes, and his trust deed on the lot for the unpaid purchase money. This was a *condition concurrent* with his right to a delivery of the deed.

To have recovered in an action for breach of appellant's contract to give a deed, it would have been essential for respondent to show that he performed or offered to perform all the *simultaneous conditions* imposed on him by the agreement. The same principle applies to a rescission of contracts. A party can not rescind, if the breach is occasioned by his own fault.

In the case at bar the evidence is that the respondent, on April 29, 1892, offered to accept a deed from the appellant for the lot, and to give therefor his (respondent's) twenty-nine notes, due monthly thereafter, secured by a deed of trust on the land. It also is that, when this proffer was made by respondent, he was in arrears of his monthly payments for several months, which arrears he did not offer to pay, but proposed to give his notes for the same due monthly thereafter. It also is that, when this offer was made by the respondent, he had been notified of a forfeiture of his contract by appellant because of his nonpayments, under the contract, for more than sixty days.

Under these circumstances we hold that the respondent did not tender a discharge of his covenant, nor a compliance with his contract. He could not do that by *continuing* his default as to nonpayment of past due monthly installments. At best, to have constituted a compliance with his covenant and contract, he should have offered payment in cash for all past delinquencies, and his notes for future payments, duly secured by a

trust deed on the land.   The appellant was therefore
warranted in declining this offer of April 29, 1892,
because it was not a full or sufficient tender or offer to
perform the contract.

II.  For argument's sake we will grant that the for-
feiture attempted to be declared by appellant on April
20, 1892, was not preclusive of the respondent's right
to perform his contract.   The question still is:   Did
it become, under the proof in this case, the ground of a
right in the respondent to treat the contract as
rescinded, and to sue for the money paid thereunder?
The agreed statement of facts shows that the for-
feiture was *only declared* many months after respondent
had written the appellant that he (respondent) feared
he would be unable to make his *monthly* payments,
as required in his contract, and after he had thereafter,
up to the time of the attempted forfeiture, failed to
make *any* monthly payments.   The contract, by express
provision, made it his duty to pay promptly each month
the sum of ten dollars under penalty of a forfeiture.
Even if the forfeiture so declared by the appellant was
nugatory, still it was caused by the respondent's act of
nonpayment and violation of his contract, and can
not, therefore, be relied upon by him as a rescission.
*Alden v. Goddard*, 73 Me. 345.

III.  The clause in the contract obligating appellant
to plant trees and lay sidewalks is, by the terms
of the agreement, an independent covenant, not
a condition subsequent.   For failure to perform this
covenant within a reasonable time, the covenantee
might sue for its breach, but he could not for such
failure *rescind* the contract.   The rule as to the charac-
ter of the covenants in a contract is, that, when pay-
ment is required from one at a time, which may
happen before the covenant of another is to be per-

formed, the latter covenant is independent. *Seers v. Fowler*, 2 Johns. 272; *Couch v. Ingersoll*, 2 Pick. 300; *McCoy's Adm'rs v. Bixbee's Adm'rs*, 6 Ohio, 312; *Taylor v. Rhea*, Minor (Ala.) 414.

Whatever remedy the plaintiff has lies in enforcing, and not in rescinding, the contract. *O'Fallon v. Kennerly*, 45 Mo. 125; *Melton v. Smith*, 65 Mo. 315; Bispham on Equity, sec. 363.

As this case was submitted on an agreed statement of facts and the proper judgment thereon is a mere conclusion of law, it is our duty to render such judgment as the trial court should have rendered. The judgment is reversed and the cause remanded to the trial court with directions to enter a judgment for defendant.

All the judges concur.