Milo D. Appleman, Appellant, v. American Sporting Goods Company, Respondent.

St. Louis Court of Appeals, December 10, 1895.

1. Practice, Trial: AGREED STATEMENT OF FACTS: JUDGMENT. When a cause is submitted on an agreed statement of facts, the judgment is a mere conclusion of law; and such judgment must of necessity be for the defendant, when the statement fails to embrace a fact which the plaintiff must establish in order to entitle himself to a recovery.

2. **Executions:** LEVY ON CORPORATE SHARES STANDING IN NAME OF A STRANGER. Shares in the capital stock of a corporation in which an execution defendant has in fact an interest, but which stand on the books of the corporation in the name of a stranger, are as much subject to levy under the execution as if they stood in the name of such defendant.

3. ———: ———: BURDEN OF PROOF. But the levy and sale under an execution of shares standing in the name of a stranger will convey no title in the absence of affirmative proof that the execution defendant in fact owned a leviable interest in them.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

J. *Hugo Grimm* for appellant.

*Wm. C. & Jas. C. Jones* for respondent.

BOND, J.—Plaintiff sues defendant, a corporation, for the alleged conversion of five shares of its capital stock. After a trial before a justice the case was appealed by the defendant to the circuit court, where, a jury being waived, it was submitted to the judge for determination upon an agreed state of facts, setting forth: *First*, The corporate capacity of defendant. *Second*, That the sheriff of the city of St. Louis on the twentieth day of February, 1893, in pursuance of a levy of a *fi. fa.* in his hands in favor of J. Hugo Grimm and against John C. Meyers, sold "all the right, title, claim, and interest of said John C. Meyers in and to five shares of the capital stock" of the defendant corporation, which stock stood upon the books of defendant in the name of one August Venz. *Third*, That at such sale the plaintiff, being the highest and best bidder, became the purchaser, and received from the sheriff on the next day a bill of sale purporting to sell and convey "all the right, title, claim, and interest of said John C.

Meyers in and to five shares of the capital stock."
*Fourth*, That thereupon plaintiff demanded of defendant a transfer to himself of said shares of its stock, and to be permitted to exercise the rights of a stockholder of such corporation.  *Fifth*, That defendant refused and still refuses both of these requests.  *Sixth*, That on February 3, 1893, prior to the sheriff's sale, August Venz in due form made a statutory claim of ownership of said shares of stock; and that the sheriff, being indemnified by the plaintiff in the execution, refused to release said shares upon such claim.  *Seventh*, That the sheriff proceeded with the sale as above stated.  *Eighth*, That upon the day following such sale the sheriff left with the defendant a copy of the execution, together with the return thereon, showing its levy upon the interest of John C. Meyers and the sale of such interest.  *Ninth*, A copy of the bill of sale of the purport of the sale above stated.

Upon the foregoing agreed state of facts the trial judge found for the defendant and gave judgment accordingly, from which this appeal was taken.

An agreed state of facts stands in lieu of a special verdict, finding the facts as set forth in the agreed statement.  The judgment is a mere conclusion of law precisely as if the jury had found a verdict in that form, and must of necessity be for the defendant unless the plaintiff, upon whom the *onus* rests, has shown a right to recover upon the facts agreed upon.  *Ozark Plateau Land Co. v. Hays*, 105 Mo. *loc. cit.* 153; *Missouri Land Co. v. Combs*, 53 Mo. App. 298; *Burris v. Shrewsbury Park Improvement Company*, 55 Mo. App. 381.

In the case at bar the only evidence relied upon by plaintiff to establish title in himself to the five shares of stock in controversy is that he became the purchaser of the interest of one John C. Meyers in said shares at an execution sale, and received a bill of sale conveying the

interest purchased.   As the stock in question stood in the name of another person, it could only have been subject to an execution against Meyers upon the theory, that he was the real owner of a leviable interest therein notwithstanding the fact that the shares stood in the name of a different person.   If Meyers was in fact the owner of such an interest in the shares, they would be as much subject to the levy of an execution against him as if they stood in his own name.   *Tufts v. Volkening*, 122 Mo. 637.   The whole question, therefore, as to the title acquired by plaintiff at the execution sale, depends upon the facts as to the quantum of interest of Meyers, the defendant in the execution, in the stock. Unless such interest existed in Meyers, no title vested in plaintiff, for the sheriff's bill of sale was a mere conduit for transferring, not creating, the interest of the execution debtor.   The stock levied upon was nominally owned by a stranger to the execution.   Hence, to establish title in the defendant in the execution, it became necessary to show by matter *in pais* that such title was vested in him;   mere seizure and sale of the shares by the sheriff could not suffice for that purpose.   It could only be accomplished by the adduction of evidence of title in defendant.   There is not a particle of evidence in this record tending to show that the defendant had any right or interest whatever in the shares in dispute at the time they were levied upon and sold by the sheriff.   They stood in the name of another, one Venz.   This apparent owner claimed them under oath, and demanded their release from the levy.   His right to assert title to the property thus claimed against the plaintiff in the execution, or the purchaser at an execution sale, is not prejudiced by the fact that the sheriff proceeded with the sale under a bond for indemnification.   *Hanson & Thorson v. McKerrall*, 57 Mo. App. 56.

The present action was begun to assert plantiff's title to such shares. To sustain his cause of action plaintiff gave evidence tending to show that by a levy and sale he acquired all the right, title and interest in said shares of one John C. Meyers, the defendant in the execution, whereunder such sale and levy were made, but he wholly fails to adduce any evidence tending to show that said Meyers had any leviable interest in the shares in question, which were apparently owned by a stranger to the process against said Meyers. This was a fatal defect in plaintiff's proof, for which the judgment herein will be affirmed. All concur.