STATE OF MISSOURI to the use of D. L. KENDRICK, Appellant, v. W. E. HUDSON et al., Respondents.

| 86 | 501 |
| 95 | 5 4 |

**Kansas City Court of Appeals, February 4, 1901.**

1. **Parties: SUIT ON ATTACHMENT BOND: PRINCIPAL AND SURETY: JUDGMENT.** In a suit on an attachment bond by the defendant in the attachment, against the principal and surety making the bond for the attachment plaintiff, the attachment plaintiff may be made a party defendant on his own application, since he is directly interested in the action and the obligors in the attachment bond are simply his sureties—and the more so if the attachment plaintiff have an unsatisfied judgment against the relator recovered on the cause of action declared on in the attachment proceeding.

2. **Trial Practice: AGREED STATEMENT: SPECIAL VERDICT.** An agreed statement of facts is the same as a special verdict, and the burden is upon the party seeking to recover to show his right from such facts.

3. **Set Off:** ACTION ON ATTACHMENT BOND: JUDGMENT: COMMON LAW: STATUTE. At common law a judgment in favor of a principal alone could be set off against a judgment against him and his surety; and under the statute a judgment in favor of an attachment plaintiff on the cause of action counted on in the attachment suit may be set off against the damages recovered by the attachment defendant for the improper attachment, although such judgment is against the relator and another who was not a party in the attachment proceeding since the judgment plaintiff has a right to receive satisfaction of his judgment from one of his two judgment debtors.

4. **Corporations:** FOREIGN: DOING BUSINESS IN STATE: PRESUMPTION: FACTS. The court will presume that a foreign corporation is authorized to do business in the state unless the contrary appears from the facts in the case.

5. **Exemptions:** SUIT ON ATTACHMENT BOND: PLEADING. In an action on an attachment bond defendants set up a judgment against the relator who replied claiming the judgment as exempted, this reply the court on motion struck out. Held, error, since section 377 must be construed in connection with the general exemption statutes which are to be liberally construed so as not to permit them to be eluded.

Appeal from the Carroll Circuit Court.—*Hon. John P. Buller,* Judge.

REVERSED AND REMANDED *(with directions).*

*S. J. Jones* and *Crawley & Son* for appellant.

(1) The motion of the Vermont Marble Company to be made a party defendant should have been denied. Boyer v. Hamilton, 21 Mo. App. 520; Kortjohn v. Seimers, 29 Mo. App. 271; Browning v. Hilig, 69 Mo. App. 594; R. S. 1899, sec. 4491. (2) Defendants' motion to strike out parts of the replication should have been denied. (3) The judgment against Kendrick and Wagle created a joint liability against them, which could not thereafter be made the basis of a several

action or cross-demand against either of them. (4) As the head of a family Kendrick was entitled to claim as exempt the amount recovered by him in the action. (5) Without first complying with the law governing foreign corporations, the Vermont Marble Company was not entitled to sue upon any demand in the courts of this state. Freeman on Judg. (3 Ed.), sec. 439; Trans. Co. v. Sims, 28 Mo. App. 64; Simpson v. Watson, 15 Mo. App. l. c. 425. Kendrick as the head of a family was entitled to the exemption claimed in his replication. Wagner v. Furniture & Carpet Co., 63 Mo. App. 206; R. S. 1899, secs. 1025, 1026; Williams v. Scullin, 59 Mo. App. 30. (6) Under the agreed statement of facts plaintiff was entitled to recover the damages sustained by him without regard to the judgment held by the Vermont Marble Company. The stipulation filed, which stood as a special verdict, shows that relator had sustained damages by reason of the attachment in the sum of one hundred and fifty dollars, without disclosing any ground, legal or equitable, for appropriating said damages to the marble company's judgment.

*James McCann* and *Lozier & Morris* for respondents.

(1) The application and motion of the Vermont Marble Company to be made a party defendant was properly sustained. Green v. Conrad, 114 Mo. 651; Railroad v. Hatton, 102 Mo. 45, 56; Valle v. Cerre's Adm'r, 36 Mo. 575, 584; R. S. 1899, sec. 543. (2) In this action, Hudson and Goodson, being in reality sureties, can successfully plead as a setoff, or counterclaim, the judgment of the Vermont Marble Company against relator. Skinker v. Smith, 48 Mo. App. 91, 95; Green v. Conrad, 114 Mo. 651, 669; Mortland v. Holton, 44 Mo. 58; Waterman v. Clark, 75 Ill. 428; Andrews v. Farrell, 46 N. H. 17; Concord v. Pittsburg, 33 N. H. 310; Mahwrin v. Pearson, 8 N. H. 539. (3) The judgment

in favor of the Vermont Marble Company against relator was a proper subject of setoff. R. S. 1899, sec. 4497. The right exists at common law, independent of the statute, to apply a judgment in favor of a principal alone in satisfaction of one against him and his surety. Skinker v. Smith, 48 Mo. App. 91, 95; Kent v. Rogers, 24 Mo. 306; Mortland v. Holton, 44 Mo. 58; Austin v. Feland, 8 Mo. 310. (4) Under our statute all contracts which, by common law, are joint only, shall be construed to be joint and several, and in all cases of joint obligations suits may be brought and prosecuted against any one or more of those who are so liable. R. S. 1899, secs. 889, 892; Clough v. Holden, 115 Mo. 336, 364. (5) While the judgment in favor of the Vermont Marble Company was against both Kendrick and Wagle, it was nevertheless an individual indebtedness against Kendrick, and the trial court's action in allowing it as a setoff was a statutory method of enforcing a settlement. (6) Whether or not the Vermont Marble Company was authorized to transact business in Missouri was a matter of proof, and on the trial of the cause it was incumbent on relator to show that it was not so authorized. Parlin v. Boatman, 3 Mo. App. Rep. No. 8, p. 353; s. c., 84 Mo. App. 67; Nichols v. Carter, 49 Mo. App. 405; Broom's Legal Maxims, p. 945; Riney v. Valandingham, 9 Mo. 323; Garth v. Caldwell, 72 Mo. 629 (par. 1); Ins. Co. v. Cohen, 9 Mo. 421; Noble v. Blount, 77 Mo. 239; R. S. 1899, sec. 865.

SMITH, P. J.—B. L. Kendrick and J. S. Wagle executed their joint and several promissory notes to the Vermont Marble Company, a foreign business corporation, and upon which the latter brought suit by attachment against Kendrick alone who resisited the attachment and upon the hearing of his plea in abatement said marble company dismissed its attachment and took a nonsuit, with leave to withdraw the notes sued on.    The

State to use v. Hudson.

attachment bond in said cause was not executed by or in the name of the Vermont Marble Company, but was executed by one Hudson as principal and by one Goodson as his surety. After dismissing said attachment suit the Vermont Marble Company again sued upon said notes, making both Kendrick and Wagle defendants therein, and obtained a judgment against both of them for the amount of said notes and interest.

The present action on the bond was brought to recover of Hudson and Goodson the damages sustained by Kendrick by reason of said attachment. At the trial term said Vermont Marble Company filed its motion asking to be made a party defendant to the suit on said bond, alleging, as reasons therefor, that defendants Hudson and Goodson had executed said bond for the accommodation of said marble company; that it had recovered a judgment against Kendrick on the notes aforesaid; and that Kendrick was insolvent; that unless permitted to become a party defendant the relator would obtain an unfair and unconscionable advantage over it and over the said defendants Hudson and Goodson; that it had a direct pecuniary interest in the cause, etc. This application was by the court sustained; and thereupon the defendants Hudson, Goodson and the marble company filed their joint answer to the plaintiff's petition in which they admitted the commencement of the suit by attachment, the execution of the attachment bond by defendants Hudson and Goodson, the issue of the writ and the seizure thereunder of the property of the relator and the subsequent dissolution of the attachment. It was therein alleged that defendants Hudson and Goodson executed the attachment bond at the request of the defendant, the marble company, and for it, and that the relation of the former to the latter was that of surety and that such former had no other connection or interest in said attachment suit. The answer further pleaded the said judgment of the defendant marble company

against the relator as a setoff against whatever claim for damages said relator might be entitled to, etc.

The replication was a general denial coupled with some other allegations to which we shall hereafter advert. The cause was submitted to the court without a jury upon the pleadings and the following facts agreed: "The plaintiff, at the relation aforesaid to sustain the issues on behalf of the plaintiff, offered and read in evidence a stipulation made and this day filed in this cause by all parties to said cause, which stipulation (omitting caption and signatures) is in words and figures as follows:

"The parties by their attorneys agree on the following facts for the purpose of this trial only:

"First. It is agreed that after the Vermont Marble Company dismissed its attachment suit in this court against said Kendrick said marble company brought suit on the same notes against said B. L. Kendrick and one J. S. Wagle, the makers of said notes, and recovered judgment thereon against said makers of said notes in the circuit court of Chariton county, Missouri, at Salisbury, at the July term, 1899, thereof, which judgment together with costs amounts at this date to $240.38, which sums remain wholly unpaid.

"Second. It is further agreed that the amount of actual damages sustained by relator by reason of the attachment, and for which the obligors in the attachment bond are liable in this action is $150."

The judgment of the court was for plaintiff for the amount of actual damages stipulated and that the same be applied by way of setoff on the said judgment of the marble company against the relator and Wagle. The relator has appealed.

I. The first question raised by the appeal is, whether or not the trial court erred in permitting the marble company to

become a party defendant on its own application, and against the objections of the relator.

The statute (section 543, Revised Statutes 1899), provides that any person may be a defendant who has or claims an interest in the controversy adverse to the plaintiff or who is a necessary party to a complete determination or settlement of the question involved therein. The St. Louis Court of Appeals in Boyer v. Hamilton, 21 Mo. App. 520, in Kortjohn v. Seimers, 29 Mo. App. 271, and in Browning v. Hilig, 69 Mo. App. 594 has construed the section of the statute just quoted as not authorizing any person to be made a party defendant upon his own demand in a suit previously pending because his interest may be affected by the controversy in some collateral way, and that it—the statute—only means that the *plaintiff* may make any person a defendant who has or claims an adverse interest in the controversy or who is a necessary party to a complete determination of the question involved therein. McQuillin's Pleading and Practice, sec. 120. And the same provision is to be found in the statutes of some of the other states where a like construction has been placed upon it. Ex parte Proskame, 59 Ala. 195; Hillin v. Stewart, 26 Ohio St. 654.

But the Supreme Court of this state has, as we think, adopted a broader construction of the section. Valle v. Cerre, 36 Mo. 575, was where 300 sacks of coffee had been seized by the sheriff in an attachment suit of Clark & Co. against Titus. Valle, who claimed that he was the owner of the coffee and entitled to the possession thereof, brought an action of replevin against the sheriff and took the coffee out of his hands. Clark & Co. made an application to the court to be made a co-defendant with the sheriff but their application was refused. The case was taken to the Supreme Court by appeal where it was said, in the course of the opinion, that the ultimate interest in the result concerned the plaintiffs in the attachment suit—

Clark & Co.—more than it did the sheriff, and therefore it would have been very proper for the court to have allowed them to be made co-defendants.

Railroad v. Hatton, 102 Mo. 45, was an action against the judges and clerk of the county court to enjoin one of said judges from surrendering to the county court a deed held by him in escrow conveying certain lands, etc. The county was made a co-defendant on its own motion against the objections of the plaintiff. It was held that the county was the real party in interest and was properly made a party defendant. Green v. Conrad, 114 Mo. 651, was where a suit was brought on an appeal bond against the sureties without making the principal in the bond a party defendant. The principal, or which is the same thing, his executor, the former having in the meantime died, was on his own application made a party defendant and permitted to answer. It appears from the statement of the case that the plaintiff Green was the assignee of the packet company and that the principal in the bond during his lifetime had recovered against the packet company a judgment for a large amount, which the executor pleaded in his answer as a setoff and counterclaim to the demand of the plaintiff assignee of the packet company. In the review of the case on appeal it was said by the court that the trial court committed no error in allowing the executor on his own application to become a defendant for the reason that the estate of the principal had a direct pecuniary interest in the cause. If judgment should go against the sureties an action would at once lie in their behalf against the estate for exoneration from the debt for which it, the estate, was primarily liable.

"Knowing this, why would a court encourage all this circumlocution and multiplicity of suits which it is the true policy of the law to avoid. It is the underlyng principle of the whole doctrine of setoff and counterclaim that whenever entire justice can be done both parties by an adjustment of their mutual demands without the violation of any of the

settled rules of law, it ought to be done. But it seems to us that it is peculiarly proper to permit the executor of Davidson to defend in this case for the reason that otherwise the rankest injustice may ensue. R. S. 1899, sec. 1993; Railroad v. Hatton, 102 Mo. 45; Valle v. Cerre, 36 Mo. 575." It is thus seen that the Supreme Court has given the statute a much broader construction than that adopted by the St. Louis Court of Appeals in the cases previously referred to.

Notwithstanding it is recited in the attachment bond that: "We, W. E. Hudson as principal and T. B. Goodson as securities, acknowledge, etc.," it sufficiently appears from the further recitals of the said bond that Hudson was not in fact the principal therein, but was, with Goodson, only surety. The bond is in the ordinary form and it clearly appears therefrom that the marble company was about to commence a suit by attachment against Kendrick, etc. Subjoined to these recitals were' the conditions required by the statute in such bonds. Though the marble company, the plaintiff in the attachment, did not sign the bond, yet it is clear that as between it and Hudson and Goodson the latter were no more than its sureties; and if judgment against them was recovered on the bond, that an action would at once lie in their favor against the marble company for exoneration from the debt for which it was primarily liable. If the relation existing between the marble company and Hudson and Goodson was that of principal and surety, then it is clear that the marble company had a direct interest in the suit brought by the relator on the bond; and the marble company was entitled under the statute, as construed by both the Supreme Court and Appellate Courts, to be made a defendant on its application. Its interest in that suit was not collateral but direct. Now, as it appears that the marble company had an unsatisfied judgment which it had recovered against the relator on the very notes on which the suit by attachment was brought, it would savor of the rankest injustice

to deny to it the right to setoff the relator's claim with its judgment. According to the doctrine of our Supreme Court, announced in the cases to which we have referred, a defendant may be allowed to become a defendant on his own application to prevent rank injustice, and the action of the trial court in allowing the marble company in the present case to become a defendant may be sustained on that ground if on no other.

II.  It is conceded that the cause was submitted to the court on an agreed statement of facts. The stipulation stood as a special verdict. In such case the burden is upon the party seeking to recover to show his right of recovery from the stipulated facts. Land Co. v. Combs, 53 Mo. App. 298; Gilliland v. Railroad, 19 Mo. App. 411. And it is the duty of the court to apply the conclusions of law as if the facts stipulated had been found by a special verdict. Burris v. Shrewsbury, 55 Mo. App. 381; Land Co. v. Combs, ante. The only question, therefore, is whether or not on the stipulation the relator is entitled to a judgment for $150, and as the marble company has a judgment against him—the relator—was it proper for the trial court, under the law, to setoff one against the other.

Our statute in relation to setoff is very comprehensive in its provisions. It declares: "In any suit on an attachment bond any obligor may avail himself of any setoff or counterclaim he may have against the party to whose use the suit is brought, to the same effect as if such party were the plaintiff, and if such setoff or counterclaim shall exceed in amount the damages proved in behalf of such party, judgment shall be rendered against him in favor of the defendant, setting up the setoff or counterclaim for the amount of the excess and all proper costs." R. S. 1899, sec. 377. "In all actions brought against one or more joint obligors or promisors any debt or demand due from the plaintiff to the defendant in the action, or to all of the obligors or promisors in the contract sued upon, may be set off against the demand of the plaintiff." R. S.

1899, sec. 4491. "If any two or more persons are mutually indebted in any manner whatsoever and one of them commence an action against the other, one debt may be setoff against the other, although such debts are of a different nature." R. S. 1899, sec. 4487. "Whenever any circuit court shall render final judgments in causes in which the parties shall be reversed, and shall sue or be sued in the same right or capacity, such court may, whether such judgment be rendered in the same court or not, if required by either party, setoff such judgment, the one against the other and issue execution in favor of the party to whom the balance may be due and credit such execution with the balance of such setoff." R. S. 1899, sec. 4497.

The right existed at common law, independent of statute, to apply a judgment in favor of a principal alone in satisfaction of one against him and his surety. The power to setoff one judgment against another is an inherent one and the only equitable power which the common-law courts originally possessed. Skinker v. Smith, 48 Mo. App. 91. The principle has been long established in this jurisdiction in favor of one of several defendants to setoff an individual claim against that of the plaintiff. Skinker v. Smith, supra; Kent v. Rogers, 24 Mo. 306; Mortland v. Holton, 44 Mo. 58. And, "if a plaintiff sues two in debt, one of them may plead payment, or a tender with his own money and thereby defeat a recovery. Why, then, if he will take his own debt and set it off against the plaintiff's, and thus defeat his action, may it not be done? There is no solid distinction between the case of a payment with his own money by one defendant, and pleading a setoff to him alone. If we will give the statute of setoffs such a construction as will prevent the payment of one man's debt with the debt of another, without this consent, the law will be satisfied. We must bear in mind that all joint contracts and promises, by our statute, are joint and several. The right of setoff in many cases is a right of great importance, and is essen-

tial in order to do justice between the parties, and to prevent one from getting an advantage over another, which justice forbids. Courts will ascertain who is the real creditor and who is really the debtor. If a plaintiff sues a defendant, and the defendant holds a note of the plaintiff, in which the plaintiff alone is principal and another is security—if these facts appeared in a plea of setoff, it would be hard to resist the justice of such a demend. So if a defendant were sued on a note, to which there was security, even if the surety was not joined in the action, where would be the impropriety of allowing the defendant to use a setoff he might have against the plaintiff?" Austin v. Feland, 8 Mo. 310.

Both principal and surety may plead as a setoff or counterclaim a judgment obtained by the principal against the obligee. In Green v. Conrad, *ubi, supra,* on page 669 it was said: "Allowing this setoff or counterclaim is in consonance with the equitable principles which so largely govern the relation of principal and surety, and we are struck with the fitness of allowing whatever, not merely personal, would be a matter of defense for the principal debtor, were he sued alone, to be admitted as a defense in favor of the principal and surety were they sued together. The principal debtor is the real debtor, and the surety but security for the payment of the principal's separate debt; and offsetting a demand in favor of the principal debtor alone, when sued with his surety is setting off against each other what may be regarded as *essentially mutual debts.*"

The judgment of the marble company was a counterclaim against the relator existing at the commencement of the action, arising on contract and growing out of the subject-matter of the original suit. R. S. 1899, sec. 605. It therefore seems to us that under the provisions of our statute already quoted and the doctrine of the adjudged cases to which we have called attention, that the court did not err in concluding that the judgment of the marble company could be used as a setoff

against the amount of damages which it was stipulated the relator was entitled to recover in the action.

But it is contended that the judgment which the marble company sought to use as a setoff was against the relator and Wagle. It is true that the judgment is against both relator and Wagle yet it was nevertheless a judgment against the relator individually. He was liable for the full amount of it; and the marble company could have enforced its full payment against him alone. It does not lie in the mouth of Wagle to complain if the marble company accepts a judgment in favor of the relator against it in payment of its judgment against both of them, nor can relator justly complain because the judgment in his favor was satisfied with a judgment on which he was individually bound.

The effect of the action of the court was but the recognition of the right of the marble company to receive satisfaction of its judgment from one of its two judgment debtors.

It is not perceived that the authorities cited in the fourth paragraph of the relator's brief have any bearing on the question under consideration. The law as declared by the court shows that the case was considered by it upon a proper theory. Crecelius v. Bierman, 72 Mo. App. 355.

And as to whether the defendant had complied with the provisions of section 1025 and 1026, Revised Statutes 1899, it is sufficient to say that we are authorized to presume that it did (Parlin v. Boatman, 84 Mo. App. 67); and besides this, no such question can arise in the case under the agreed statement of facts. There was no issue of the kind in the case.

There were several motions filed relating to the sufficiency of the pleadings, but the objections so taken were in the main waived by pleading over to the same matter.

Lastly, the relator insists that the trial court erred in sustaining the motion of the defendants to strike out all that

Vol. 86 app—33

part of his replication which pleaded. the fact that he was the head of a family and claimed the entire property owned by him did not exceed one hundred dollars in valuation and that he did not own any of the property exempted by the first, second nor any other subdivision of section 4903, Revised Statutes 1899, except a cow of the value of twenty-five dollars, and that therefore he was entitled, under section 4906 to elect, and did elect to hold as exempt whatever sum he recovered in said action, etc.    It is true, as we have seen, that the statute in relation to attachment (section 377, Revised Statutes 1899), does provide that in any suit on an attachment any obligor may avail himself of any setoff or counterclaim he may have against the party to whose use the suit is brought, yet was it the intention of the Legislature to abrogate the statute of exemption pleaded by relator?    Section 377, ante, must be construed with reference to the exemption statutes.    Statutes of the latter kind, being benevolent in their character, are entitled to a liberal construction.    And such construction should be given as not to permit them to be eluded.    The intention of the Legislature is to be resorted to and should be followed with reason and discretion.    Wagner v. Furniture Co., 63 Mo. App. 206.

. It does not appear that the marble company was legally indebted to the relator, or that relator was indebted in any way to the other two defendants or. to either of them, so that the case is not one of mutual credits.    Nor is it a case where two persons have trusted each other and one of them when called upon to pay his debt may consider such debt to the other as a sum in his hands upon which he has a lien for the debt due to himself so that in paying his own debt to the other he may deduct what is due to himself.    Nor is it a case where a presumption of law arises that the defendants or either of them was induced to trust the relator by having any credit or pledge in their hands.

We can not think that the Legislature intended to render inapplicable the statute of exemptions in a case like this. It may be that the creditor, by wrongfully bringing his attachment, has caused the debtor to expend the most if not all of his meagre property in defending such attachment. It may be, too, that by such suit the unfortunate debtor and his family, by reason of such suit, have been so impoverished as to be in actual distress. In such case, why may the debtor not hold as exempt the meagre sum which the obligors are adjudged to pay in reparation of the injury done him by the wrongful attachment? Under these circumstances we are unwilling to believe that where a debtor has defeated a wrongful attachment and then sues the attachee on his attachment bond that the Legislature, by the statute allowing the attachee the right to setoff and counterclaim, intended thereby to deprive the debtor (relator) of the full benefit of the statute of exemptions. No reason is seen why the principles declared in Wagner v. Furniture Company, supra, may not be applicable in a case like this. The action of the court in striking out the relator's replication was error which must accomplish the reversal of the judgment.

Accordingly, we hereby direct the trial court to reinstate the relator's replication, and if at another trial the facts therein alleged shall be proven, the defendant's counterclaim should be disallowed. Judgment reversed and cause remanded. All concur.