G. A. GOBEN, Appellant, v. CHARLES E. MURRELL, Respondent.

Kansas City Court of Appeals, December 18, 1916.

1. **ELECTION: Agreed Statement of Facts: Support of Judgment.** An agreed statement of facts is like a special verdict and it must contain every essential element, without any omission, to support the judgment.

2. **————: Judgment for Respondent.** If in a case submitted on an agreed statement of facts judgment has been rendered against complaining party and he appeals, he must be supported by such statement clearly and unequivocally on every essential in his case; otherwise, the judgment should be for the respondent.

3. **ELECTIONS: Student Voter: Presumption.** Students who have been allowed to vote by election officers will be presumed to be legal voters in a contested election.

4. ———: ———: **Intention: Evidence.** A student attending school away from his home may by proper intention become a voter in the town or city where the school is located. Though his declaration or oath is not conclusive as to such intention.

5. ———: **Election Contest: Onus.** In an election contest the *onus* is on the contestant to show that a student voter was not legally qualified to vote.

6. ———: **Purpose: Intention to Leave.** A person who leaves his home and resides in a town or city for the sole purpose of attending school there for three years, intending to leave at the expiration of that time and take up a residence elsewhere, is not a legal voter in such town or city.

7. ———: **Gain and Loss of Residence: Evidence.** Under the election law of Missouri a student neither gains nor loses a residence by attending school at some other place than his home; and while he may become a resident of such place, his intention to do so should be evidenced by something more than his mere physical stay in the place.

Appeal from Adair Circuit Court.—*Hon. C. D. Stewart.* Judge.

REVERSED AND REMANDED (*with directions*).

*H. F. Millan, J. C. Fugate* and *A. Doneghy* for appellant.

*Campbell & Ellison, Weatherby & Frank* and *J. A. Cooley* for respondent.

ELLISON, P. J.—Contestant Goben and contestee Murrell were opposing candidates for Mayor of the city of Kirksville, the latter being elected on the face of the returns. Contestant instituted a contest of the election and the judgment in the trial court was against him. He appealed.

The ground of the contest is that two hundred students of the American School of Osteopathy in Kirksville voted for the contestee whom the contestant charges were not legal voters, in that they had not resided in such city more than sixty days prior to the election.

The case was submitted to the trial court upon the following agreed statement of facts neither party asking declarations of law, and it was not necessary that he should do so, viz:

". . . That at a primary eleection held in said city on the 21st day of March, 1916, contestant and contestee were duly and regularly nominated as candidates for the office of Mayor of said city. That the two candidates above mentioned were the only candidates voted on for the office of mayor at the regular city election held April, 4, 1916. That the votes cast at said general city election for said candidates were officially counted on the 5th day of April, 1916, and by official count and returns it showed a total vote for G. A. Goben, contestant, of 770, and a total vote for Charles E. Murrell, contestee, of 804. The face of such returns showing that Charles E. Murrell, contestee, received a majority of the votes cast at said election and that thereafter a certificate of election was issued to said Charles E. Murrell contestee, and that he thereupon entered into his duties of Mayor of said city and is now filling said office. It is further agreed that the contestant possessed at all of said times herein mentioned, and does now possess all of the qualifications required by law for the office of mayor of the said city of Kirksville. It is further agreed that at the election held on the 4th day of April, 1916, there were cast and counted for the contestee more that two hundred votes cast by persons who came to the city of Kirksville from their respective homes and places of residence outside of the city of Kirksville and Adair county, Missouri, and were, before and at the time of leaving their said homes and places of residence to come to Kirksville, residents of the places from whence they came. That said persons came to Kirksville for the sole purpose of becoming students at the American School of Osteopathy, an institution of learning located at said city, with the intention of remaining in said school three years and of then locating at places elsewhere for the practice of osteopathy. And

that they did so become students in said school and
were such students at the time of said election and time
of voting, and had been such students in said school
for one year next before said election, and that each of
said persons voted in the respective wards in which
they lodged during said time.   And that said persons
have never altered their intentions of leaving the city
of Kirksville as soon as their course of study at said
school shall have been completed.   That the names of
the persons who cast the two hundred votes above men-
tioned are set out in contestant's notice of election con-
test, filed in this cause.   It is further agreed that the
said persons so voting at said election were qualified
voters at said election if they were, at the time of said
election, legal residents of said city of Kirksville,
within the meaning of the election laws of the State of
Missouri.   .   .   . ''

An agreed statement of facts is like a special ver-
dict and it must contain every essential element, with-
out any omission and without doubt or ambiguity to
support the judgment.   [Gage v. Gates, 62 Mo. 412;
Carr v. Lewis Coal Co., 96 Mo. 149, 155; Hughes v.
Moore, 17 Mo. App. 148, 155; Moore v. Henry, 18 Mo.
App. 35, 40.]

If the judgment has been rendered against the
complaining party and he appeals, he must be sup-
ported, unequivocally, on every essential point in his
case, by the agreed statement; otherwise, the judgment
should be that the defendant, or contestee, will be en-
titled to a discharge.

Now in this case the students having been allowed
to vote by the election officers, are presumed to be legal
voters.   [Gass v. Evans, 244 Mo. 329, 344.]   It is not
enough to destroy such presumption to show that the
voter was a student going to school in the city where
he voted (Gumm v. Hubbard, 97 Mo. 311, 320) for the
fact that one goes into a city only for the purpose of
going to school, does not *conclude* the question whether
he is a legal voter.   He may intend to reside at such
place.   It is a question of intention, not however, de-

termined conclusively by his testimony. [Hall v. Scho-enecke, 128 Mo. 661, 666; Seibold v. Wahl, 159 N. W. Rep. 546.] The onus of showing that he was not a qualified voter is on the contestant. [South Mo. Land Co. v. Combs, 53 Mo. App. 298; State to use v. Hudson, 86 Mo. App. 501, 510; Gilliland v. Railroad, 19 Mo. App. 411, 419; Appleman v. Sporting Goods Co., 64 Mo. App. 71.]

In this view of the law, has the contestant, through the agreed statement, clearly shown that the students who voted for the contestee were not legal voters? We think he has. He has shown by that statement that they left their places of residence and ''came to Kirksville for the *sole* purpose of becoming students at the American School of Osteopathy, an institution of learning located at said city, with the intention of remaining in said school three years *and of then locating at places elsewhere for the practice of osteopathy.* . . . And that said persons have never altered their intentions of leaving the city of Kirksville *as soon* as their course of study at said school shall have been completed.'' That is to say, they came to Kirksville not to reside, as that word is understood in its application to the qualification of voters, but for a temporary purpose, which, when accomplished, was to end their presence there. Residence must have some connection or identification with the community. One's stay should at least be indefinite and not, as shown here, for the mere temporary purpose of attending school and then immediately leaving to locate in a permanent home elsewhere.

Fry's Election Case, 71 Pa. St. 302, is much like this. The discussion is able and interesting. It was there said (italics the court's) that ''The stated case expressly declares that the students referred to in it, came to Allentown from other counties, for *no other* purpose than to receive a collegiate education, but *intended to leave* after graduating. It is evident that the college was not their true and permanent home;

their stay there was not to be indefinite, as the place of a fixed abode, until future circumstances should induce them to remove. Their purpose was definite and temporary, and when accomplished they intended to leave. They retained their original domicile, for the facts stated show that they never lost it. On this point the authorities are in entire accord.'' Continuing (p. 311), the court further said: ''Having, as the case states, come to Allentown for *no other* purpose than to receive a collegiate education, and intending to leave after graduating, they have not lost their home domicile, and could vote there on returning to it though they should not reenter their father's house.''

Another instructive case is Sanders v. Getchell, 76 Maine 158, 165. In the course of discussion of the law as applicable to students the court said: ''It is clear enough that residing in a place merely as a student does not confer the franchise. Still a student may obtain a voting residence, if other conditions exist sufficient to create it. Bodily presence in a place coupled with an intention to make such place a home will establish a domicile or residence. But the intention to remain only so long as a student, or only because a student, is not sufficient. The intention must be, not to make the place a home temporarily, not a mere student's home, a home while a student, but to make and actual, real, permanent home there; such a real and permanent home there as he might have elsewhere. The intention must not be conditioned upon or limited to the duration of the academical course. To constitute a permanent residence, the intention must be to remain for an indefinite period, regardless of the length of time the student expects to remain at the college. He gets no residence because a student, but being a student does not prevent his getting a residence otherwise.'' And the same view is taken in Vanderpol v. O'Hanlon, 53 Iowa, 246.

Under our election law a student neither loses his old residence nor gains a new one during his absence from the former, or presence at the latter. It is true

that this law does not preclude his becoming a resident and voter at the school town or city, but his intention must be evidenced by something more than his mere physical stay in the place. He must intend to make it his home—not that he shall remain for life—but his home indefinitely. And so if he comes into the place for the temporary purpose of getting an education and then to leave for other parts, he has not such a residence as entitled him to vote. [Matter of Garvey, 147 N. Y. 117.]

The same kind of residence (except in some cases as to length of time) necessary to make a legal voter will qualify a person to hold office. Would one suppose that mere students are eligible to the offices at the locality of the school? There are municipalities in which schools are located, where the students outnumber the citizens proper. It certainly would strike one as extraordinary to learn that it was in the power of these nontaxpaying sojourners to wrest the city or county government from the voice and hand of the permanent citizens.

We think the agreed statement clearly and unequivocally shows that the students in question were not qualified voter and that the proper finding should have been for the contestant. The judgment rendered for the contestee will therefore be reversed and a proper judgment will be entered here for the contestant. The other judges concur.

## ON MOTION FOR REHEARING.

The chief matter set out as ground for a rehearing is based on the statement that the appealing contestant did not properly abstract the notice of contest; and that is the only point in the motion for rehearing we care to refer to. He did abstract the fact that he duly served the contestee on the 22nd of April, 1916, with a copy of the written notice of contest and of his filing such notice in the circuit court. And all other matters are duly abstracted, including the motion for

new trial, the rendition of judgment for the contestee and the proper steps for the appeal taken. The particular objection is that the different specifications of the notice are not properly stated.

The bill of exceptions is then duly abstracted showing that the parties appeared before the trial court and submitted to that court, as embodying the *entire* case of each, an agreed statement of facts. That this agreed statement contained the following clause: "It is further agreed that if the court finds the above-mentioned persons to be qualified voters, judgment for contestee shall be entered, but if the court finds said persons were not qualified voters judgment shall go for contestant as well as judgment of ouster against contestee."

In view of the foregoing we think the abstract was full enough. The abstract presented and the briefs and argument for each party discloses that the notice of contest was duly given and filed with the circuit court, and that no point was made against its legal sufficiency in any particular.

The abstract shows that judgment should be rendered on the agreed statement. All this is duly certified by the trial court and under our rule 19, as to agreed statements, is amply sufficient for contestant's case.

But, passing by the foregoing, we allowed contestant to file a supplemental abstract, embodying a full copy of the notice of contest, several days prior to the day the cause was docketed for hearing.

The motion should be overruled.