JOHN JACKSON, Respondent, v. KANSAS CITY, PITTSBURG & GULF RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, May 12, 1896.

Railroads: OBLIGATION TO FENCE DE FACTO PUBLIC ROAD. A railroad need not be fenced where it crosses a *de facto* public road.

*Appeal from the McDonald Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED.

*Trimble & Braley* for appellant.

It appears affirmatively from the record that the public had acquiesced in the location of the road by using it, and it therefore became a road *de facto*, irrespective of whether or not it had been improved by the public authorities. The railroad company, therefore, did right to leave it open. It is immaterial how

far the railroad ran over the traveled portion of the highway. No negligence can be predicated on building a railroad at an angle across a road or street. *Luckie v. Railroad*, 76 Mo. 639; *Railroad v. Kocher*, 46 Kan. 272; *Soward v. Railroad*, 33 Iowa, 387; *Railroad v. Griffis*, 28 Kan. 539; *Roberts v. Railroad*, 43 Mo. App. 287; *Brown v. Railroad*, 20 Mo. App. 427, 433; *Walton v. Railroad*, 67 Mo. 56; 1 Rorer on Railroads, 622.

*J. A. Sturges* for respondent.

BOND, J.—This is an action for double damages under Revised Statutes of 1889, section 2611, for the killing of a heifer. It was submitted without a jury to the circuit judge, who decided for plaintiff on the following agreed statement of facts:

"It is hereby stipulated and mutually agreed by and between the parties to the above entitled cause that this case shall be submitted to the court for its decision upon the following state of facts:

"*First.* The heifer sued for belonged to the plaintiff, and was worth $7.50. The heifer was killed by being struck by one of defendant's engines on the road crossing, hereinafter mentioned, at the time stated in plaintiff's statement, in Elk River township, McDonald county, Missouri, which adjoins Pineville township, in that county.

"*Second.* That, prior to the building of the railroad, there was a public highway near the place of the present crossing, but east and entirely clear of where said crossing now is. The railroad was built by the Kansas City, Fort Smith & Southern Railway Company in 1890, for its own use, and was used by that company exclusively for two years or more. That, in building said railroad, the said public highway was obstructed, and the road, as now used by the public, was made by the said rail-

road company in lieu of the one obstructed by it as aforesaid. The new road, so made for public use by the said railroad company, crosses its track, and it was on this crossing that the heifer was killed.

"*Third.* That, after the said crossing had been so made, to wit, in 1893, the defendant began the operation of said railroad; that, when it began the operation of said railroad, the present crossing was where it now is, and had been used there by the public since 1890, and said crossing had been continuously traveled and used by the public generally from the time the railroad was built in 1890 up to the present time; that it was and is a part of the only road that horses and vehicles could or can use in going up and down Elk River bottoms between the towns of Lanagan and Noel.

"*Fourth.* That the road at this crossing has never been established by any proceedings in the proper courts, although it has been used by the public generally since 1890 in lieu of the one obstructed by the building of the railroad as aforesaid.

"*Fifth.* The road and the railroad intersect each other at such an acute angle, that the crossing is eighty-three feet wide between the cattle guards when measured along the rails of the railroad, and the lane below the crossing leading to the vacant lands near Elk River is less than thirty feet wide.

"*Sixth.* That no work has been done on the new road, including the crossing, by the public authorities, and no public money has been expended on the same.

"*Seventh.* It is agreed that the issue between the parties hereto is whether, under the facts, the defendant was bound to fence across the crossing above mentioned."

Defendant appeals and asks for a reversal for the failure of the trial judge to render a judgment in its favor.

An agreed statement of facts is equivalent to a special verdict, and the proper judgment thereon is a mere conclusion of law. *South Missouri Land Company v. Combs*, 53 Mo. App. 298. In the case at bar the facts are that, prior to 1890, a public road extended across the present roadbed of the defendant, which was laid off in that year. In constructing its road the predecessor of the defendant merely changed the point of crossing of the preexisting highway. For five years thereafter the public accepted and used the crossing thus made, and are so using it at present. Although the public road intersecting the railroad was not established by law, it has been and is used by the public generally, and is, therefore, a *de facto* road. It was directly held by this court that a *de facto* public road need not be fenced against at the point where it crosses a railroad. *Roberts v. Railroad* (motion for rehearing), 43 Mo. App. 287-293; *Railroad v. Griffis*, 13 American and English Railroad Cases, 532, *et citations*. This is conclusive against plaintiff's right to recover under the agreed statement of facts. The judgment in his favor rendered by the circuit court, will, therefore, be reversed. All concur.