HINKLE et al. v. KERR, Appellant.

|148   43|
| 81a 661|

### Division One, February 15, 1899.

1. **Judgment Against Deceased Party: MARRIED WOMAN: COLLATERAL ATTACK.** A personal judgment for costs in a partition suit against a plaintiff, who died before the judgment was rendered in 1888, and who was a married woman at the time the suit was instituted and remained such till her death, is void and may be collaterally attacked.

2. **Practice: AGREED STATEMENT OF FACTS.** An agreed statement of facts stands upon the same footing as a special verdict. And in such case the parties are estopped from denying the truth, competency or sufficiency of any admission contained therein.

*Appeal from Scotland Circuit Court.*—HON. BENJAMIN E. TURNER, Judge.

AFFIRMED.

N. M. PETTINGILL for appellant.

(1) Where the court has acquired jurisdiction of the subject-matter and of the persons, during the lifetime of the party, a judgment rendered against him after his death is, although erroneous and liable to be set aside, not void or open to collateral attack. Black on Judgments, sec. 200; Coleman v. McAnulty, 16 Mo. 173; Reid v. Holmes, 127 Mass. 326; Myers v. McRay, 114 Mo. 377. (2) The circuit court is a court of general jurisdiction and however erroneous or irregular its proceedings may be, they are regarded as valid and binding until they have been reversed or annulled by suitable proceedings instituted for that purpose and titles acquired under them will be protected. Castleman v. Relfe, 50 Mo. 583. (3) In such cases a levy and sale of a dead man's estate, unless the fact of death is known to the

sheriff, is valid and passes title. Lewis v. Coombs, 60 Mo. 44. (4) It should appear somewhere in the judgment or proceedings in partition that Susan Hinkle was a married woman. Proving the fact that she was a married woman at the trial of the ejectment case at bar, is not sufficient. The want of jurisdiction in the judgment for costs in the partition suit should be shown by the record. Hope v. Blair, 105 Mo. 85. (5) A judgment can not be collaterally impeached on the ground that defendant is a married woman. Barrell v. Tilton, 119 U. S. 637; Merrill v. St. Louis, 83 Mo. 244; Gambette v. Brock, 41 Cal. 78; McCurdy v. Baughman, 43 Ohio St. 78; Woodfolk v. Lyon, 98 Tenn. 269.

SMOOT, MUDD & WAGNER for respondents.

(1) A judgment at law against a married woman is void and a nullity and an execution sale under it conveys no title. Higgins v. Peltzer, 49 Mo. 153; Caldwell v. Stephens, 57 Mo. 589; Wernecke v. Wood, 58 Mo. 352; Lincoln v. Rowe, 64 Mo. 138; Weil v. Simmons, 66 Mo. 618; Morse v. Tappan, 3 Gray, 411. (2) Where a judgment is void, advantage may be taken of it collaterally. The principle that a party can not impeach a judgment in a collateral proceeding does not apply to judgments against *feme coverts* or one not *sui juris*. (3) Susan Hinkle being a married woman at the institution of the partition suit and at her death, and the court, having no power to render a general judgment against her while living, it certainly could not, by her death, acquire any jurisdiction to then render a general judgment against her.

BRACE, P. J.—This is an action in ejectment to recover possession of the southeast quarter of the southeast quarter of section 31, and the west half of the southwest quarter of section 32, township 67, range 12, in Scotland county, in which a judgment for the one undivided tenth of

said lands, was obtained by plaintiffs, and the defendant appeals. The case was tried before the court without a jury, upon an agreed statement of facts, from which. it appears: That in the year 1881, John Noble died intestate, the owner of said lands, leaving as his heirs ten children, one of whom was Susan Hinkle, of whom the plaintiffs are the only heirs at law. That the defendant has acquired the title of all the heirs of said Noble to said land except that of the said Susan. That on the sixteenth of July, 1886, the said Susan being then a married woman, filed in the circuit court of said county, a petition in partition making her brothers and sisters defendants therein, who were duly served by process and publication, and that thereafter and before any judgment was rendered therein, the said Susan still remaining a married woman, and her attorney both died, the said Susan intestate. That said cause was continued from term to term until the August term, 1888, when the said Susan being then dead, the same was dismissed, and judgment for costs rendered against her. That execution issued on said judgment and was levied upon all the interest of the said Susan in the west half of the southwest quarter of the aforesaid section 32, and the same was duly sold and conveyed by the sheriff to one James Muir, who afterwards on July 5, 1896, conveyed the same by deed to the defendant, who is in possession. The said judgment is in words and figures as follows:

"Scotland County Circuit Court.

"August Term, 1888.

"Monday, August 20, 1888.

"Thomas Whitworth, Elizabeth Whitworth, John Hinkle, Susan Hinkle and Mary A. Johnson, plaintiffs

against

Hester Leman, defendant.

"Now at this day this cause coming on for trial, and the plaintiffs appearing neither in person nor by attorney, it is ordered and adjudged by the court that this cause be dismissed

and that the plaintiff pay the costs of this action and that execution issue therefor."

I.   The defendant contends that although the said Susan Hinkle was a married woman at the time the suit in which the aforesaid judgment was rendered was instituted, and remained covert during the pendency thereof until she died, and was dead when the judgment was rendered, yet the judgment against her was not void, and that her title to an undivided tenth of the said west half of southwest quarter of section 32 passed by the sale and deed aforesaid thereunder, and the judgment as to the same ought to have been in his favor.

"As to the validity of a judgment rendered for or against a party after his death, the authorities seem to be hopelessly irreconcilable.   Thus, according to numerous decisions, such judgments are utterly void, and may be collaterally attacked. The decided weight of authority, however, seems to be that if a court of general jurisdiction, or a court which has acquired full jurisdiction over the cause and over the parties, renders a judgment for or against a party after his death, the judgment is not for that reason void.   Such a judgment, while erroneous and voidable when properly assailed in a direct proceeding for that purpose, is valid until reversed by some appropriate proceeding, and may not be collaterally attacked."  [11 Ency. Plead. and Prac., 843 et seq.; 1 Black on Judg., sec. 200; 1 Freeman on Judg., sec. 153; Vanfleet on Collateral Attack, sec. 602.]   In the section cited Mr. Freeman says:   "The decisions respecting the effect of judgments for or against persons who were not living at the time of their rendition, are conflicting and unreasonable.   Some of them apparently affirm that a judgment so rendered is void under all circumstances, and others that it is valid under all circumstances, because its rendition implies that the parties for and against whom it was given were then living, and that to show that either was then dead is to dispute the verity of the

record and therefore not permissible. We apprehend that neither position is correct. That there should at some time during its progress be living parties to both sides of an action we think indispensable, and that no sort of jurisdiction can be obtained against one who was dead when suit was commenced against him as a defendant, or in his name as plaintiff; and that no judicial record can be made which will estop those claiming under him from showing that he died before the action was begun; and that a judgment for or against him must necessarily be void . . . . . . . On the other hand, if an action is begun by and against living parties, over whom the court obtains jurisdiction, and some of them subsequently die, it is not thereby deprived of its jurisdiction, and while it ought not to proceed to judgment without making the representatives or successors in interest of the deceased party parties to the action, yet if it does so proceed its action is irregular merely and its judgment is not void." The first proposition thus laid down by the learned author, is supported by the rulings of this court in the following cases in which it was held that a judgment in a suit begun and prosecuted against a dead man is void as to him and those claiming under him: Graves v. Ewart, 99 Mo. 13; Crosley v. Hutton, 98 Mo. 196; Williams v. Hudson, 93 Mo. 524; Bollinger v. Chouteau, 20 Mo. 89; and his second proposition, by the following cases, in which it was held that a judgment in favor of a plaintiff who had died before its rendition is not void: Coleman v. McAnulty, 16 Mo. 173; Bank v. McWharters, 52 Mo. 34; and impugned by Sargeant v. Rowsey, 89 Mo. 617, in which it was held that "where a defendant in an action to foreclose a mortgage upon land dies during the pendency of the action, and a decree of foreclosure is obtained and a sale had under it without suggesting the death of the defendant, or reviving the suit against his heirs, the sale is a nullity," and by Voorhis v. Gamble, 6 Mo. App. 1, in which it was

held that a decree against a defendant who was dead at the time it was rendered was "a nullity as to his rights."

The only ground for the distinction in these cases, and for holding that a judgment against a dead person is valid in any case, is that the judgment, having been rendered by a court having full jurisdiction to render the judgment in question, can not be impeached by showing that the party was dead at the time the judgment was rendered. Both classes of judgments are afflicted with the same infirmity, the only difference is that in one case it can be shown to defeat the judgment, and the other it can not. The only thing that saves the one class from a fate that otherwise would be common to both, is a rule of evidence, but can that rule of evidence be invoked in a case where no evidence is required, and which is submitted on an agreed statement of facts, in which it is agreed that the party against whom the judgment was rendered was dead at the time it was rendered? It is well settled law in this State, that an agreed case stands upon the same footing as special verdict. By it the issues are settled, the evidence passed upon, and the court pronounces the conclusions of law on it, precisely as if the jury had found a verdict in that form. [Munford v. Wilson, 15 Mo. 540; Gage v. Gates, 62 Mo. 412; Carr v. Lewis Coal Co., 96 Mo. 149; St. Charles v. Hackman, 133 Mo. 634.] In such case the parties "are estopped from denying the truth, competency or sufficiency of any admission contained therein." [1 Ency. of Plead. and Prac., 390.] How, then, can that rule of evidence be invoked to protect this judgment? It is not necessary, however, that a categorical answer to that question should be returned in this case for Susan Hinkle was not only dead when the judgment was rendered against her, but she was covert when the suit was instituted, and so remained during its pendency until she died, and although she may have been a proper party to that suit in respect of the land sought to be divided, the court had no power to render a personal judgment thereon against her

for costs. Such a judgment is void and may be impeached collaterally, as has been ruled in many cases in this State. [Higgins v. Peltzer, 49 Mo. 152; Caldwell v. Stephens, 57 Mo. 589; Wernecke v. Wood, 58 Mo. 352; Lincoln v. Rowe, 64 Mo. 138; Weil v. Simmons, 66 Mo. 617.]

The judgment of the circuit court is affirmed.