THE STATE OF MISSOURI ex rel. E. T. WEBB, Relator, v. HENRY L. McCUNE, Judge, Etc., Respondent.

Kansas City Court of Appeals, February 17, 1908.

1. TRIAL PRACTICE: Submitting Controversy: Agreed Case: Jurisdiction. Where an agreed case is submitted without action the jurisdiction of the court attaches only to the precise state of facts contained in the stipulation in the former proceeding, and the court has no authority to permit either party against the objection of the other to adduce other facts or to introduce evidence of any character or withdraw from the contract.

2. ———: ———: ———: ———: Equity: Mandamus. Where one of the parties to a controversy submitted on an agreed case, filed a bill in equity to cancel the contract of submission and proper service was had upon the parties, the court becomes possessed of jurisdiction over the parties and the subject-matter, and the question whether the facts alleged sufficiently state a cause of action for equitable relief is primarily to be determined by the trial court; and if it commits error thereon the aggrieved party has his remedy by appeal or writ of error and mandamus will not lie to compel the trial court to proceed to hear the submitted controversy on the ground that the petition in equity states no cause of action.

Original Proceeding by Mandamus.

WRIT DENIED.

*H. W. Currey* for relator.

*Lathrop, Morrow, Fox & Moore* for respondent.

JOHNSON, J.—This is an original suit in mandamus to compel the respondent, one of the judges of the Jackson Circuit Court, to proceed with all convenient speed, to render judgment in an agreed case submitted to him under the provisions of section 793, Revised Statutes 1899. The cause is before us on the alternative writ, respondent's return thereto, relator's answer and a supplemental return filed by respondent after hearing and submission.

The conceded facts are as follows: Respondent is the duly elected, qualified and acting judge of Division No. 4 of the circuit court of Jackson county. His term of office began on the first day of January, 1905. On November 12, 1903, during the incumbency of his predecessor, the relator E. T. Webb and George Peake, receiver of the Siegel-Sanders Live Stock Commission Company, filed an agreed case in that division of the court. The stipulation was verified by the affidavit of the attorneys of the respective parties "that there is a real controversy between George Peake, Receiver, aforesaid, and E. T. Webb, as above set out, and that said controversy is in good faith and for the above amount of money and this agreement is in good faith brought to determine which party is entitled to the aforesaid sum of money." Among the stipulations was one "that nothing herein contained shall be so construed as to prevent either party from appealing from the judgment of the court rendered herein."

In due time, the questions of law presented by the agreed facts were argued and the cause was submitted to the judge then in office who took it under advisement

and retired from office on January 1, 1905, without having come to a decision.   Sometime after the submission, Peake, the receiver, obtained knowledge, for the first time, of the existence of a certain contract of vital importance to the real merits of the controversy, reference to which was omitted from the agreed statement.   On February 8, 1904, he filed a motion, the object of which was to obtain an order permitting him to submit that contract and make it a part of the agreed statement, and on December 31, 1904, he filed another motion praying that the agreed case be set aside "for the reason that through excusable ignorance and mistake, the said George Peake, receiver, had been misled into the belief and declaration that the person named as Frank Siegel in said agreed case had an apparent interest of record in the real estate described in said agreed case or submission on the 20th day of May, 1901, whereas in truth and in fact the said Frank Siegel had, by a contract of conveyance, parted with and sold all of his interest in said real estate on or about April 21, 1901," etc.   These motions were filed before respondent became judge and, so far as we are advised, were not passed on.   On December 15, 1905, the receiver filed another motion for an order "permitting him to withdraw the said submission or agreed case for the reason that the facts stated in said agreed case were not such as to enable or permit the court to decide the merits of the controversy and for the reason that through excusable inadvertence and mistake the said George Peake, receiver, had been misled into an ambiguous statement in said agreed case that on the 20th day of May, 1901, the Frank Siegel mentioned in said agreed case had an apparent interest of record in the real estate mentioned in said agreed case, whereas, in truth, and in fact, the said Frank Siegel had by an instrument of conveyance duly recorded on or about April 21, 1901,

parted with, s'old and conveyed all of his interest in said property . . . but that the said George Peake, receiver, without fault upon his part was in ignorance of said conveyance so recorded on or about April 21, 1901, as aforesaid at the time he entered into said agreed case or submission of controversy, and for the foregoing reasons, the said George Peake, receiver, had inadvertently been misled into submitting a controversy upon facts which were untrue and all without fault, neglect or laches of said George Peake, receiver."

When this motion came up for hearing, counsel for relator objected to its consideration on the ground that the court had no jurisdiction either to permit any alteration or amendment of the agreed facts or to permit one of the parties, over the objection of the other, to withdraw from the agreement. The respondent, however, heard the motion and overruled it. He states, in his return, that this action was prompted by the conclusion "that the relief sought by said motion to withdraw submission could be granted only upon a bill in equity to set aside the contract of submission."

On the 2d day of February, 1907, Peake, the receiver, filed a petition in equity in said Division No. 4, against relator for the.purpose of obtaining the cancellation of the contract of submission. The facts pleaded as ground for the relief in substance were the same as those contained in the motions to which we have referred. It was not alleged that relator practiced any fraud or deception on the receiver whereby the latter was kept in ignorance of the fact to which so. much importance is attached, nor that the omission of that fact from the agreed statement was the result of mutual mistake. The receiver predicates his right to relief solely on the allegation that he was "excusably ignorant" of the existence of the omitted fact at the time he became a party to the. contract to submit the cause. The fact is made to appear quite clearly that re-

spondent, entertaining the view that he is invested with jurisdiction over the parties and subject-matter of the suit in equity is proceeding to the hearing of that action and has refused to go on with the agreed case until the equity suit shall have been determined. The real object of the present action is to compel respondent to ignore the equity suit and, with due expedition, to pronounce judgment in the agreed case.

The argument of relator in support of his right to such relief may be condensed into two general propositions: *First,* That the facts embodied in an agreement to submit a cause under section 793 of the statutes are not open to alteration or amendment at the instance of either party and against the objection of the other in any form of procedure; nor has either party the right to annul the agreement except on the showing, to be made by suit in equity, that the contract was the product of fraud or mutual mistake as those terms are defined in equitable actions for the cancellation or reformation of contracts. *Second,* That since the petition filed by the receiver for the equitable cancellation of the contract omits to allege that the petitioner was induced to enter into the contract of submission by reason of any fraudulent practice or misrepresentation on the part of relator, or that the omission of an important fact from the agreed statement was the result of mutual mistake, no cause of action is presented and, therefore, respondent was without legal justification for his decision to postpone the consideration of the agreed case until after he had disposed of the equity suit.

Respondent has presented no brief, but we gather from the pleadings filed by him that in what he has done he claims to have acted within the scope of his jurisdiction and that if error has been committed, it may be reviewed and corrected only in the ordinary course of procedure, i. e., by appeal or writ of error, and does not afford ground for the application of an extraordi-

nary remedy. We share this view, even when we consider the facts before us in the light most favorable to the contentions of relator. We concede that an agreed case submitted by the parties without action differs in essential features from an agreed statement of facts filed by the parties in an action brought in the ordinary way. In the latter case, the agreed facts are regarded in the same light as facts settled by the verdict of a jury (Jackson v. Railroad, 66 Mo. App. 506; Hinkle v. Kerr, 148 Mo. 43; State to use v. Hudson, 86 Mo. App. 501) and may constitute matter of exception (Smith v. Smith, 111 Mo. App. 683). But where the controversy is submitted by agreement without action, i. e., without filing suit, having summons issued and the defendant brought into court against his will and without formal pleadings, etc., the jurisdiction of the court over parties and subject-matter attaches only to the precise state of facts contained in the stipulation and in such proceeding, the court has no authority to permit either party against the objection of the other to adduce other facts or to introduce evidence of any character. As we have intimated, the jurisdiction to entertain the cause is founded on the contract of submission—the agreement of the parties—and should the court permit either party to inject new matter into the case, obviously the submission would not consist of the state of facts voluntarily brought to the court by the parties but of an entirely different case and one not approved by mutual consent. The statute (section 793) does not contemplate that a controversy may be lodged in court for determination without the bringing of suit in the manner provided by law except in cases where the parties not only agree on all the facts but, in effect, bind themselves to treat their agreement as unalterable and irrevocable.

It follows that respondent properly interpreted the law in overruling the motion filed by the receiver in

the agreed case for leave to withdraw from his contract. The issue of whether that agreement was the result of fraud, duress or mistake was one belonging exclusively to the jurisdiction of equity and was foreign to the jurisdiction a court of law could exercise over a proceeding initiated under section 793 of the statute.

Relator admits a contract to submit an agreed case may be canceled in equity on a showing that it was procured by fraud or duress or that through mutual mistake it fails to express the actual agreement. That this admission is well grounded in law cannot be doubted. A contract of this nature is governed by the rules and principles applicable to any other solemn contract such as a deed, bond or the like, and no more reason could be given for withholding relief from the results of fraud, imposition or mutual mistake than could be urged against the cancellation or reformation of a deed on similar ground. Had the petition in the equity suit brought by the receiver stated a cause of action for the cancellation of the contract, it is manifest the admission of relator we have noted would force him to concede that respondent justly could not do otherwise than to withhold his judgment in the agreed case until after it should be judicially ascertained whether or not the agreement of submission should stand. But relator argues that since that petition failed to state a cause of action for equitable relief, respondent should have disregarded it, and his failure to do so should be pronounced a judicial excess. We do not agree with this contention. Respondent, by the bringing in his court of an equitable action for the cancellation of the agreed statement on the ground of mistake, became possessed of jurisdiction over the parties and the subject-matter. The question of whether the facts alleged sufficiently stated a cause of action was primarily one for him to determine. We must presume that if the pleading is insufficient in the respect claimed, respondent, on a proper

attack against it by relator, will rightly declare the law. If he should not, relator has his remedy by appeal or writ of error. It is enough for us to know that respondent has jurisdiction over the parties and the class of cases to which the one asserted in the petition belongs. [Wand v. Ryan, 166 Mo. 646.] Invested with such jurisdiction, it is immaterial in the present proceeding, whether or not he may have committed reversible error, though we perceive no such error in the record before us. Possessed of an adequate remedy by appeal or writ of error, relator has no occasion to invoke the application of an extraordinary remedy and, it follows, that the peremptory writ must be denied. All concur.