GEORGE PEAKE, Receiver, Respondent, v. E. T.
WEBB, Appellant.

Kansas City Court of Appeals, June 29, 1908.

1. **EQUITY: Submission of Controversy: Agreed Case: Mistake:**
   **Setting Aside: Statute.** An agreed submission of a controversy
   under section 793, Revised Statutes 1899, may be set aside in
   a court of equity for mistake or misunderstanding of a party
   where such party is not negligent and is prevented from pre-
   senting his case properly on account of the mistake.

2. ———: ———: ———: ———: ———: ———. At law a court
   has no power to amend such agreed case which stands on the
   same footing as a special verdict.

Appeal from Jackson Circuit Court.—*Hon. Edward E.*
*Porterfield,* Judge.

AFFIRMED.

*H. W. Curry* and *R. W. Coleman* for appellant.

(1) This is an agreed case under section 793,
Revised Statutes 1899, which is a case without action,
which means without filing a suit; having summons is-
sue and having the defendant brought into court against
his will, followed by the usual steps in a suit; and it
is to be distinguished from cases where there is an
agreement after suit is begun, as to certain evidential
facts.     (2) An agreed case stands for a petition, an-
swer, all the evidence and a verdict by the jury returned
to the court, and leaves the only duty of the court to
draw the legal conclusion from the agreed facts.  State
v. Merriam, 159 Mo. 655; Smith v. Smith, 111 Mo. App.
683; Munson v. Wilson, 15 Mo. 540; Gage v. Gates, 62
Mo. 416; Rauvelle v. Isgrigg, 99 Mo. 28; Blount v.
Spratt, 113 Mo. 55; Hinkle v. Kerr, 148 Mo. 48; Smith
v. Railroad, 47 Mo. App. 549.     (2) The court has no
power to amend an agreed case.  1 Am. and

Eng. Pleading and Practice, p. 395.    (3)  Since an agreed case occupies the same footing and stands in lieu of a special verdict and the court proceeds to draw its conclusions of law precisely as though the jury had returned the verdict in that form, as was held in Munson v. Wilson, 15 Mo. 540; and, since the court has no power to change or set aside a special finding upon the ground of mistake (Kennedy v. Ball & Wood, 36 N. Y. Supp. 325; Ushur v. Hiatt, 18 Kan. 195), it follows that the court has no power to change or amend an agreed case.    Clementson on Special Verdicts, p. 124.    Tanenbaum v. Simon, 75 N. Y. Supp. 922; Fearing v. Irwin, 55 N. Y. 486; Chicago, etc., Co. v. Trust Co., 58 N. Y. Supp. 809; Henderson v. Dickey, 35 Mo. 120; Brocking v. Stratt, 17 Mo. App. 296.

*O. W. Pratt* and *I. N. Watson* for respondent.

(1)   The petition states a cause of action for equitable relief.    Land Company v. Hayes, 105 Mo. 143; Gage v. Gates, 62 Mo. 412; Ish v. Crain, 13 Ohio St. 574; Levy v. Sheehan, 3 Wash. 420; Wells v. Iron Co., 48 N. H. 491; Bell v. Twilight, 7 N. H. 528; Fearing v. Irwin, 4 Daly (N. Y.) 395; Goodrich v. Railroad, 38 N. H. 390; Payston v. Richards, 25 Vt. 446; 9 Abbott's New Case, 542 (N. Y. Sup. Ct.); Gregory v. Pierce, 4 Metc. 478; Railroad v. Wilder, 30 Mass. 536; Platt v. Justices, 124 Mass. 353; Haywood v. Wingate, 14 N. H. 73.    (2)  Under the pleadings and evidence in this case the court had the right under Revised Statutes 1899, sections 793 and 800, to discharge the agreed case.    Gage v. Gates, supra; Land Co. v. Hayes, supra; R. S. 1899, sec. 657; Ward v. Clay, 23 Pac. 50.    (3)  There is a wide distinction between a contract entered into in regard to any matter outside of court and an agreed statement of facts or stipulation entered into in judicial proceeding.    The agreed statements and stipulations in the latter are not treated as irrevocable, but

may be set aside on the grounds of inadvertency and mistake. Levy v. Sheehan, 28 Pac. 748; Ward v. Clay, 23 Pac. 50; Roland v. Kreyenhagn, 18 Cal. 457; Richardson v. Musser, 54 Cal. 198; Welch v. Noyes, 14 Pac. 317; Wells v. ————, 49 Wis. 224; Keene v. Robertson, 55 N. W. 897; Gerdtezn v. Cockrell, 55 N. W. 50; Galbraeth v. Roger, 30 Mo. App. 401; Harvey v. Thorp, 28 Ala. 250; Jones on Evidence, sec. 276; Greenleaf on Evidence, sec. 206; Tanzied v. Jumel, 34 N. E. 274; Wilbur v. Wilbur, 30 Atl. 453; McClurg v. Sheeks, 68 Tex. 426; Porter v. Holt, 73 Tex. 447; Pashell v. Penry, 18 S. W. 144. (4) Under the following authorities the newly-discovered evidence was decisive of the right of plaintiff to recover and is very material. 1 Pomeroy's Equity Jurisdiction, secs. 377, 386; Dickason v. Fish, 137 Mo. 379; Burke v. Johnson, 37 Kan. 337; Jones on the Law of Real Property, secs. 1402, 1404; Peck v. Wilbur, 113 Ind. 267; Holden v. Garrett, 23 Kan. 99; Burke v. Burke, 33 Kan. 536; Lamprey v. Pike, 28 Fed. 30.

BROADDUS, P. J.—This is a suit in equity to set aside an agreed case as provided by section 793, Revised Statutes 1899. The plaintiff is the receiver of the assets of the Siegel-Sanders Live Stock Commission Company with authority as such to sue and be sued. The agreed case was as follows:

*First.* It was agreed that on May 7, 1901, that W. B. Grimes, Jr., entered into a contract in writing wherein he recites that he held the title in his own name for Frank Siegel, who was indebted to the Siegel-Sanders Live Stock Commission Company, to about sixteen hundred acres of land situated in Clark county, Kansas; that the said Frank Siegel had requested him to deed the same to R. D. Swain, trustee for said company, in consideration of the sum of $5,000 to be credited on his indebtedness to said company. In said writing the said

Grimes agrees to convey to the said Swain all of said lands as soon as a full description of them can be obtained and that until he does so the writing shall operate as such conveyance.

*Second.* That on the 21st day of May, 1901, the said Grimes conveyed by quitclaim deed a large quantity of land situated in said county of Clark, to the said Swain, trustee of said company.

*Third.* That, on the 20th day of May, 1901, E. T. Webb the defendant herein, began a suit by attachment in the district court of Kansas sitting in said Clark county against Frank Siegel, which resulted in judgment in his favor, and that in pursuance of an order made in the case a sale of said land was had and defendant became the purchaser for the sum of $1,855, which was credited on his judgment; and that he was then entitled to a deed from the sheriff who made the sale.

*Fourth.* That at the time said suit was filed on the 7th day of May, 1901, defendant Webb was a creditor of said Siegel to the amount of $250,000, which debt said suit was brought to collect.

*Fifth.* That at the time of the execution of said contract said Siegel was indebted to said company in the sum of $5,000 and was still so indebted at the date of said contract over and above the consideration named therein of more than $5,000.

*Sixth.* That neither said Siegel nor said Grimes were in possession of said land when defendant's attachment was levied thereon, and that the legal title to said land never was in said Siegel, but stood in the name of said W. B. Grimes, Jr.

*Seventh.* That defendant, at the time he began the attachment suit, and caused said lands to be levied on, at the time he purchased the lands at the sheriff's sale, and at the time he was entitled to a deed under said purchase, had no actual knowledge of said con-

tract of May 9, 1901, and had no knowledge of said quitclaim deed except that imparted by the record, and that the sheriff's deed was not actually made because of the stipulations mentioned in clause 10 of this agreement.

*Eighth.* That at the time of the execution and delivery of said deed in trust neither the said Siegel-Sanders Company, the said George Peake, receiver, nor R. D. Swain, had any knowledge of the attachment proceedings or levy of said attachment on the land, except, such constructive notice as was imparted by the record.

*Ninth.* That the said Frank Siegel owned the title to the land described in the said deed at the time of the execution of said contract dated May 7, 1901, and W. B. Grimes at no time had any interest therein; and that said Siegel purchased said land and the vendors thereof deeded the same to W. B. Grimes and said Siegel requested said Grimes to deed said land to said Swain as set out in said instrument.

*Tenth.* That after the levy of said attachment, and after the execution, delivery and recording of the deed in trust, the plaintiff receiver as aforesaid, E. T. Webb and one James H. Thompson entered into an agreement that said Thompson should take possession of the land; that he should deposit in the American National Bank of Kansas City, Missouri, the sum of $1,855, as the value of the land; that defendant should prosecute his aforesaid attachment suit to a final determination; should purchase the land at sheriff's sale thereof and thereafter quitclaim by deed the same to said Thompson; and that plaintiff receiver should also quitclaim by deed to said Thompson and that the $1,855 should stand in lieu of the land; that plaintiff and defendant should submit the question of who had the better title to the land to some court having jurisdiction; and if said money

should be awarded to said plaintiff as receiver he would under proper order deed said land to said Thompson. Other clauses in the agreed statement are not necessary to be stated for an understanding of the case and are for that reason omitted.

The principal ground relied on for relief as stated in the petition is as follows: "That by reason of the making, execution and acknowledgment and delivery of said deed of conveyance from said Siegel to Swain, trustee, it is not true, as stated in the 9th paragraph of said agreed case for submission of controversy, that the said Frank Siegel owned the title to the land mentioned and described in said agreed case on May 7, 1901, and that the same was not true at the time said agreed case or submission of controversy was entered into, and that the statement that the said Siegel owned said title on May 7, 1901, as aforesaid, was made inadvertently and by mistake, and by reason of the ignorance of both of the parties hereto of the real facts in that respect; that said mistake, inadvertence and ignorance of the actual facts, as aforesaid, was not due to any carelessness, laches, neglect or want of care on the part of plaintiff in regard to ascertaining the facts in respect to the title to the land in controversy, and mentioned and described in said agreed case of submission of controversy; that said mistake and inadvertence was wholly due to excusable ignorance of the plaintiff, receiver as aforesaid."

The error mentioned was soon, after the agreement was made, discovered, and plaintiff filed his motion to set the statement aside for the reason stated in his petition, which the court overruled, holding that his remedy was by petition in equity. That thereupon plaintiff brought a suit in equity in the circuit court of Jasper county to have the submission set aside, to which defendant demurred, which was sustained on the ground that the court had no jurisdiction of the

cause. Then the suit was brought to Jackson county. The cause was tried and the court found in favor of the plaintiff and set aside the submission. The defendant appealed.

There was no dispute about the facts in regard to the alleged mistake and the only question before us, is, was the court authorized upon the allegations of the petition, to render the judgment, the same having been sustained by the testimony? The defendant bases his case upon the theory that an agreed case stands for a petition, answer, all the evidence and a verdict returned to the court. His theory in that respect is undoubtedly correct. "An agreed case occupies the footing of a special verdict." [Rannells v. Isgrigg, 99 Mo. 19; Hinkle v. Kerr, 148 Mo. 43.] His theory also, that a court has no power to amend an agreed case under the statute cannot be successfully contradicted.

But as to whether one can be set aside in a court of equity upon a proper showing is another and different question. It must be admitted at the beginning of the discussion that a court of equity has the power to set aside contracts, deeds and even judgments which have been procured either through fraud or mistake. This we presume will not be denied. And we cannot perceive that an agreed submission under the statute has any peculiar characteristic that would render it less subject to be inquired into for fraud or mistake than any other contract of a solemn nature. [State ex rel. Webb v. McCune, 129 Mo. App. 511, 107 S. W. 1030.]

In Massachusetts it was held that if it appeared "to the satisfaction of the court that by mistake of parties or a misunderstanding of the inferior court, a question of fact which was essential to the determination of the rights of the parties has not been tried, it is within the power and discretion of that court to suspend the entry of a final judgment, and set aside a verdict or discharge a statement of facts in order to afford

an opportunity of presenting that question to the court and jury." [West v. Platt, 124 Mass. 353.] In Levy v. Sheehan (Wash.), 28 Pac. 748, it is held that: "Where the agreed statement was made by the parties under a mistake, it was a proper subject for amendment." While these decisions are not made relative to statutory agreed statements they show that such statements in general are subject to attack for mistake of parties on questions of fact.

Where there is no negligence and a party is prevented from presenting his case properly on account of a mistake of fact equity will interfere and afford him relief. [6 Pomeroy's Equity, sec. 659.] That a court of equity has the power in all cases to afford relief where there has been a mutual mistake of parties to an agreement, we think cannot, in this late day be successfully questioned. The history of the law shows that such power is exercised by the courts in every State and also by the Federal courts, in a variety of instances. And this history is familiar to every judge and lawyer in the land. We believe that the court rightfully exercised its power in setting aside the agreed submission.

Cause affirmed. All concur.