[No. 11283.   Department Two.   January 23, 1914.]

M. A. LEONARDO, *Appellant*, v. A. L. BUNNELL *et al.,*
*Respondents.*[1]

SUBMISSION OF CONTROVERSY—AGREED CASE—EVIDENCE—ADMISSI-
BILITY. Upon the submission of an agreed case, under Rem. & Bal.
Code, § 378, providing for submission of controversies without action
by an agreed case containing the facts, it is error to receive evidence
over the objection of the adverse party; since no facts can be con-
sidered save as agreed upon in the signed and verified submission.

ANIMALS—CONTRACTS—CONSTRUCTION—HERDING SHEEP — DIVISION
OF PROFITS—COMPUTATION. Under a contract for the herding of
sheep furnished by the first parties, who were to advance all money
for labor, supplies, and expenses of running the sheep and also
guarantee that one-half of the net profits should equal $50 as wages
to be paid the party of the second part, who was to perform all the
labor, employ skilled herders and furnish the first parties with an
itemized account of the expense of maintaining the sheep from month
to month, a stipulation to the effect that, in consideration of the
guarantee of $50 a month as wages, if, after all the expenses of run-
ning the sheep are paid, one-half of the net profits exceeds the $50
per month, the second party (the herder) will divide said excess
equally with the parties of the first part, requires that the herder's
expenses in running the sheep, as well as expenses paid by the first
parties, be charged against the gross receipts, as though it were a
partnership contract; and after first paying the wages of $50 per
month from one-half the net profits, the balance of such half was to
be divided equally.

SUBMISSION OF CONTROVERSY—HEARING—JUDGMENT—VACATION. It
is not error to set aside a judgment on an agreed case, where it had
been entered without any hearing.

Appeal from a judgment of the superior court for Klicki-
tat county, McKenney, J., entered December 30, 1912, upon
findings in favor of the defendants, upon an agreed case re-
lating to a contract.   Reversed.

*W. B. Presby*, for appellant.

*N. B. Brooks* and *Miller, Crass & Wilkinson*, for respond-
ents.

[1]Reported in 137 Pac. 1033.

PARKER, J.—These parties submitted to the superior court for Klickitat county an agreed case, under Rem. & Bal. Code, § 378 (P. C. 81 § 773), with a view to having certain differences between them settled by the judgment of that court. Their agreed statement of facts, which they submitted as a basis of the court's judgment, reads as follows:

"The parties hereto have a question in difference which might be subject to a civil action and agree upon and submit to the court a case, and stipulate and agree that the following are the facts upon which the controversy depends.

"(1)   A. L. Bunnell and G. L. Bunnell on the one part and M. A. Leonardo on the other entered into a contract which is herewith submitted to the consideration of the court.

"(2)   Since the execution of said contract the said G. L. Bunnell has died, leaving a widow, and A. L. Bunnell is the agent of said widow and has authority to sign this agreement in her behalf.

"(3)   That under the terms of said agreement M. A. Leonardo has run the sheep mentioned in the lease for the term of one year, has returned them to the said A. L. Bunnell and the widow of said G. L. Bunnell, deceased, and has performed all of the conditions of the contract.

"(4)   That the only controversy between the parties is how much, if anything, Leonardo is entitled to under the terms of said contract.

"(5)   That the entire gross proceeds from the sale of wool and increase amounted to $10,750.82, which was received by the said A. L. Bunnell.

"(6)   That M. A. Leonardo has received from said gross proceeds $4,966.75.

"(7)   That the entire expenses paid by Leonardo in running said sheep, including his wages, are $4,876.55. His wages amounted to $257.80.

"(8)   That A. L. Bunnell has paid on the expenses and running said sheep $375.

"The parties hereto submit as an agreed case to the court the question of how much under this statement and under the terms of said contract Leonardo is entitled to receive."

The portions of the contract which require notice here, submitted to the court as a part of the agreed case, read as follows:

"This agreement, made in duplicate, between A. L. Bunnell and G. L. Bunnell (partners doing business under the name of A. L. Bunnell) of Klickitat county, state of Washington, parties of the first part, and M. A. Leonardo, of the same county and state, party of the second part witnesseth:

"That the said parties of the first part agree to furnish and place in charge of the party of the second part consisting of 2,317 head of ewe sheep for a period of one year beginning October 15th, 1910, and ending on October 15th, 1911, on the following terms and conditions: . . .

"Said parties of the first part are to furnish all necessary winter range in and about the home ranch near Centerville, in Klickitat county, Washington . . .

"Said parties of the first part are to furnish as a loan all necessary money for labor, supplies and expenses for running said sheep during the existence of this agreement, said party of the second part agreeing to repay the principal of such advancements with interest from the date they are made until repayment, at ten per cent per annum.

"The party of the second part is to perform all necessary work and take care of said sheep in a careful manner usual among persons experienced and skilled in sheep raising and in his employing laborers he is so far as it is possible for him to do employ those experienced and skilled in the handling of sheep, and at the termination of this lease, is to return said sheep at Glenwood, Wash.

"It is expressly agreed and understood by the parties hereto that the ownership of all the increase and wool from said sheep shall vest and remain in the said parties of the first part as security for advancements herein provided for and made to the party of the second part until said advancements are fully paid.

"If after all the expenses of running said sheep required by the parties hereto are paid, if one-half of all the net proceeds of the increase of said sheep and one-half of all the net proceeds of wool grown on said sheep and of their increase and also one-half of the net proceeds of the wool grown on the bucks used for breeding purposes, added together does not equal the sum of fifty dollars per month during the time the party of the second part works with, and cares for said sheep, then the parties of the first part agree to add and pay a sufficient sum to make the party of

the second part fifty dollars per month while he works with
and cares for said sheep, and in consideration of the parties
of the first part warranting the party of the second part the
sum of fifty dollars per month while he works and cares for
said sheep the party of the second part agrees in the event
that one-half of the net proceeds of the increase and wool
from said sheep as hereinbefore mentioned exceeds the sum
of fifty dollars per month while he works with and cares for
said sheep to divide said excess equally with the parties of
the first part.

"It is understood and agreed that the parties to this
agreement are to divide equally the expenses of summer
range, in the Columbia forest reserve in the vicinity of Mt.
Adams, and are to pay equally for expenses of shearing and
hauling wool to market.

"One-half the losses of the original sheep during the year
are to first be made good from the increase with good mut-
ton lambs and the remainder of said lambs are to be consid-
ered net increase for equal division.

"The parties hereto are to sell the wool and net increase of
lambs at such time and price as to them seems most advan-
tageous and as may be jointly agreed upon.

"The party of the second part is to furnish the parties of
the first part with an itemized account of the expenses of
caring for and maintaining said sheep each month during
the term of this lease."

On November 1, 1911, there was prepared and signed by
the court a judgment in favor of Leonardo, awarding him
$1,220.17. This judgment it was claimed, and we will now
assume, was prematurely rendered before the parties were
given a hearing upon their agreed case. Thereafter the
Bunnells applied to the court to have the judgment set aside
and a hearing granted upon the merits, which was, by the
court, ordered over the objection of counsel for Leonardo.
Upon the hearing thus granted, counsel for the Bunnells con-
tended that the contract for the care of the sheep was so un-
certain and ambiguous in its terms touching the division of
the proceeds, as to call for oral explanatory evidence relative
thereto. They offered evidence along this line, all of which

was, by the court, received over the objection of counsel for Leonardo. At the conclusion of the hearing, the court rendered judgment in favor of Leonardo for the sum of $289.53 only. This judgment was the result of the court's conclusion, drawn from the agreed case and the oral evidence received. From this disposition of the cause, Leonardo has appealed.

It is contended by counsel for appellant that the superior court erred in receiving evidence outside of the statement of the agreed case submitted by the parties to the court in their signed and verified statement. This contention must be upheld. A proceeding of this nature comes into court by the free and voluntary act of all of the parties concerned, and not otherwise. No fact or question can be the subject of the court's inquiry in such a proceeding save as agreed upon and submitted in the signed and verified statement constituting the agreed case. The agreed case here presented goes no farther than this. It submits nothing but certain agreed facts and certain questions. It contains no agreement for the court receiving other evidence touching the facts or questions involved. Rem. & Bal. Code, § 378 (P. C. 81 § 773), by authority of which this proceeding was instituted, reads:

"Parties to a question in difference which might be the subject of a civil action may, without action, agree upon a case containing the facts upon which the controversy depends, and present a submission of the same to any court which would have jurisdiction if an action had been brought. But it must appear by affidavit that the controversy is real, and the proceedings in good faith to determine the rights of the parties. The court shall thereupon hear and determine the case and render judgment thereon as if an action were pending."

The court of appeals of Missouri, dealing with a similar question under a statute which reads exactly like ours (Missouri Annotated Statutes, 1906, vol. 1, § 793), in the case of *State ex rel. Webb v. McCune*, 129 Mo. App. 511, 107 S. W. 1030, observes:

"Where the controversy is submitted by agreement without action, i. e. without filing suit, having summons issued and the defendant brought into court against his will and without formal pleadings, etc., the jurisdiction of the court over parties and subject-matter attaches only to the precise state of facts contained in the stipulation and in such proceedings, the court has no authority to permit either party against the objection of the other to adduce other facts or to introduce evidence of any character. As we have intimated, the jurisdiction to entertain the cause is founded on the contract of submission—the agreement of the parties—and should the court permit either party to inject new matter into the case, obviously the submission would not consist of the state of facts voluntarily brought to the court by the parties but of an entirely different case and one not approved by mutual consent."

This view finds support in the following authorities: *Crandall v. Amador County*, 20 Cal. 72; *Frailey v. American Legion of Honor*, 132 Pa. St. 578, 20 Atl. 684; *Andrus v. Shippen Township*, 36 Pa. Sup'r Ct. 22; *Missouri, K. & T. R. Co. v. Union Trust Co.*, 156 N. Y. 592, 51 N. E. 309; 37 Cyc. 353. We think it clear that the judgment to be rendered in a proceeding of this nature must be rested entirely upon the facts appearing in the agreed case. If such facts should appear insufficient upon which to base a judgment, it would seem to follow that the cause would have to be dismissed, rather than go outside and bring into the case facts beyond the agreement of the parties.

The question then is: What is the proper judgment to render upon the facts here submitted by the agreed statement of the parties? We think the court's basis for the computation of the amount due appellant must be found in the correct answer to the question, Is the sum of the amounts of the entire expense stated in the agreed case chargeable against the gross receipts from the wool and increase of the sheep as though it were an ordinary partnership affair? We are of the opinion that a reading of the entire contract renders it reasonably certain that this question must be an-

swered in the affirmative, though it must be conceded that there are certain portions of the contract, standing alone, which furnish some ground for argument to the contrary. We are also of the opinion that the contract, when read as a whole, shows an intent that Leonardo's wages of $50 per month should be first paid from one-half of the net proceeds of the wool and the increase, and the balance of that one-half divided equally between Leonardo and the Bunnells. Computation upon this basis will readily arrive at the result reached by the superior court in its first judgment, to wit: $1,220.17. Indeed, there does not seem to be any serious controversy that this would not be the correct result when computed upon the basis we have adopted as the proper construction of the contract.

Some contention is made that the court was in error in setting aside the first judgment and granting the hearing upon which the judgment here sought to be reversed was rendered. This, however, we think of but little consequence now, though it would affect the question of interest upon the proper judgment. We think, however, in view of the facts shown touching the premature rendering of the first judgment without a hearing, that its setting aside was not erroneous. We therefore conclude that, instead of reinstating that judgment, the judgment finally rendered should be reversed and a new judgment rendered in favor of Leonardo for the sum of $1,220.17.

It is so ordered.

CROW, C. J., FULLERTON, MOUNT, and MORRIS, JJ., concur.