HORIGAN REALTY COMPANY, RESPONDENT, v. FIRST NATIONAL BANK OF ST. JOSEPH, MISSOURI, APPELLANT.

Kansas City Court of Appeals. December 6, 1926.

*Randolph & Randolph* for respondent.

*Culver, Phillip & Voorhees* for appellant.

ARNOLD, J.—This is a suit to recover the sum of $2808.12 alleged to be a trust fund belonging to plaintiff and which is in the hands of defendant. There was a finding and judgment for plaintiff in the sum of $2637.64. A motion for a new trial was unsuccessful and defendant appeals.

This is the second appeal of this suit. In the first trial plaintiff was given a judgment for the identical amount above mentioned and an appeal was taken to this court. On review the judgment was reversed and the cause remanded. A brief statement of the facts would seem to be necessary at this stage, and for a detailed statement, reference is hereby made to our former opinion. [Horigan Realty Co. v. First National Bank, 273 S. W. 772.]

It appears from an agreed statement of facts upon which the cause was tried in both instances, that John J. Flynn, in March, 1920, and prior thereto, was secretary and treasurer of plaintiff corporation which was founded for the purpose of handling the real estate of Alice Horigan. In March, 1920, a piece of real estate belonging to plaintiff was sold for a consideration of $6000, of which $1000 was paid in cash and $5000 in negotiable liberty bonds, payable to bearer. The proceeds of the sale were received by Flynn as secretary and treasurer. On March 30, 1920, Frazer L. Ford, president of defendant bank, at the request of Flynn, sold the said bonds and placed the proceeds in the sum of $4552.30 to the credit of Flynn's personal account with defendant bank where Flynn had a checking account. The bonds were purchased by Ford & Porter, a brokerage firm of which the senior member was Frazer L. Ford. No disclosure was made at the time of the sale of the bonds as to their true ownership and that they were not, in fact, the property of J. J. Flynn.

John J. Flynn died intestate on April 6, 1921, on which date there was to his credit on the books of defendant bank the sum of $2808.12. This amount stood to Flynn's credit on the books of the bank until April 23, 1921, when the same was credited on a certain note, being one of six notes, each for the sum of $10,000, and all of the same tenor and effect except as to dates and maturities. The note involved in this controversy, dated January 13, 1921, is for $10,000 payable ninety days after date to defendant herein, with interest at eight per cent per annum after maturity. The note was signed "Horigan Supply Company by John J. Flynn" and was indorsed on the back as follows: "Horigan Supply Company, by John J. Flynn, President, John J. Flynn."

The agreed statement of facts shows that the Horigan Supply Company was a separate corporation in no way connected with the Horigan Realty Company, plaintiff herein, and was a wholesale dealer in plumber supplies at St. Joseph, Missouri. It appears that the said notes were rediscounted with the Federal Reserve Bank at Kansas City, Mo., and the note of January 13, 1921, was returned to defendant bank on April 13, 1921, and the other notes were similarly returned two days later; thus again becoming the property of defendant on the dates they were so returned. The books of the Horigan

Realty Company did not show that Flynn had sold the bonds or any of them, but that they were still on hand.

On April 15, 1921, Frank J. Flynn, son of John J. was granted letters of administration on the estate of his father. The inventory showed the total value of the estate as finally collected was $21,534.56. Among the assets was included the item of $2808.12 cash on deposit in defendant bank. Notes similar to those above described, payable to various persons and corporations on which John J. Flynn had placed his name in the same manner as the note above described, were probated against his estate and also allowed against the bankruptcy estate of the supply company to the amount of approximately $260,000.

The Horigan Supply Company was declared a bankrupt on August 19, 1921, and its assets amounted to about twenty-five per cent. of its liabilities which included the notes which were probated against the estate of Flynn. The Flynn estate had not been fully administered at the time of filing this suit, but settlement was thereafter made and creditors upon the general claims received .05109 per cent. of their respective claims. Defendant herein proved its claim on the notes mentioned against the Flynn estate and the bankrupt supply company.

After the death of John J. Flynn one T. P. Holland became the president of the Horigan Realty Company. About April 15, 1921, Holland told Frazer L. Ford that he was unable to locate the liberty bonds in the amount of $5000 shown in the summary of the Horigan Realty Company's affairs which Holland had shown to Ford during the week following the death of Flynn. Upon investigation it was learned (as shown by a letter from Ford & Porter, by G. E. Porter, dated April 25, 1921) that the said bonds had been purchased by Mr. Ford from Flynn on March 30, 1920, and a check issued therefor payable to John J. Flynn in the sum of $4552.30. Thereafter the plaintiff herein brought suit against the administrator of the estate of John J. Flynn and defendant herein, asking that the amount realized from the sale of said bonds be declared a prior claim. It was shown in that case that the amount sued for had not been recovered by the administrator; and the court in its decree found the money had not been traced into the hands of the administrator but that certain items in the sum of $577.33 had been paid out for the preservation of the estate, and this amount the court decreed was entitled to priority. On final settlement, there was paid to plaintiff the sum of $577.33, allowed as a preferred claim, and also, on final settlement and distribution, the further sum of $212.55. On May 17, 1921, Holland made demand on Frazer L. Ford for the balance of $2808.12, and Ford told him there was nothing to the credit of the account.

The agreed statement of facts further states that John J. Flynn had no authority from plaintiff to use or sell said bonds or other property of plaintiff for his own use. Over the objections of defendant the original petition in this cause was introduced in evidence, also the original summons and the sheriff's return thereon. The objection to the introduction of the original petition is as follows:

"MR. PHILLIP: We want to object to it on the ground that the paper offered in evidence by the plaintiff admitted in evidence referred to as the agreed statement of facts shows upon its face that it contains a stipulation between the parties that the judgment in this case is to be entered upon the facts therein stated and we object to the introduction of any additional evidence to supplement, change, alter, vary or in any way affect the stipulation of the parties of the facts therein stated."

The original judgment of the trial court and the opinion and mandate of this court on the first appeal were received in evidence over defendant's objections. The court heard the evidence of two witnesses, to-wit, T. P. Holland and Frank J. Flynn, tending to prove and the witnesses stated that, at the time the suit was instituted against the Flynn estate, they, in their official relations, were not made aware of the facts that, prior to July 11, 1922 (the day the suit was filed), whether or not defendant owned the note of the Horigan Supply Company indorsed by John J. Flynn and upon which defendant undertook to apply the balance of the Flynn account, the note had not matured at the death of Flynn.

Defendant offered in evidence the original petition in the case of Horigan Realty Company v. Administrator of the Estate of John J. Flynn and the First National Bank of St. Joseph, filed May 19, 1921. Objection was made to receiving this petition in evidence, for the reason that "it is covered by the agreed statement of facts and for the reason that it is not within the issues submitted by the opinion of the Court of Appeals. We make the further objection it has no tendency to contradict any of the testimony offered by plaintiff." The objection was sustained. The cause was tried by the court without the aid of a jury and the finding and judgment were for plaintiff in the sum of $2637.64.

The motion for a new trial which the court overruled charges error as follows: (1) Error in refusing, on motion, to enter judgment for defendant upon the agreed statement of facts; (2) error in admitting improper, illegal and irrelevant evidence; (3) in permitting plaintiff to introduce any evidence other than the stipulation and agreed statement of facts; (4) in excluding proper and legal evidence offered by defendant; (5) that upon the entire record, judgment and decree are erroneous; (6) decree and judgment should have been for defendant; (7) the court erred in entering judgment for plaintiff and

(8) in refusing the declaration of law asked by defendant stating that upon the record plaintiff was not entitled to recover.

It is urged that upon the facts recited in the stipulation plaintiff was not entitled to recover because it had elected to sue and recover a general judgment against Flynn's estate for the proceeds of the bonds converted by him, and had accepted its *pro rata* of the estate applicable to the payment of the general debts of the deceased. It is claimed this court so held in its opinion on the former appeal. A reading of our former opinion will disclose, however, that we did not therein announce the limited ruling as asserted by defendant.

On the former appeal plaintiff contended that the election of remedies was not binding unless it had knowledge of all the material facts necessary for an intelligent choice and in our former opinion, we held this position was correct. We also held the burden was on plaintiff to show that it did not have all the material facts thus necessary, at the time it elected its remedy; that, as the record was silent on this point, the cause was remanded for a new trial in order that plaintiff might furnish, if it could, the necessary proof to establish this point. In the retrial, two witnesses were introduced and questioned as to this matter. T. P. Holland testified that he was in full charge of the affairs of plaintiff before and at the time the suit was instituted against the Flynn estate and that he then had no knowledge that at the time defendant attempted to charge such balance against Flynn's account and credit it upon the Flynn note, defendant did not own said note and that it was not then due; witness stated he was the only person connected with plaintiff company who had charge of its affairs and who could have known of the exact situation.

Frank J. Flynn, the other witness, testified that he is a stockholder of plaintiff company and at the time of the suit against the Flynn estate, he did not know defendant did not own the note on which it attempted to credit the balance of John J. Flynn's account; that he did not know said note was not due at the time his father died, nor at any time before this suit was filed, and did not learn the facts until about two weeks before his testimony was given.

Defendant insists this evidence was improper because it furnished no information necessary to fulfil the requirements of our former opinion. We think this position untenable. We hold the testimony so offered was proper, that it went to the material facts necessary for an election and that it was sufficiently substantial to take the case to the jury, or to the court sitting as a jury, and will support the judgment rendered herein. With this ruling, we need not discuss the point further.

This ruling covers defendant's points 3 and 4, raised in the brief, which are directed to the same question but from a different angle. One point remains for discussion, not covered in our former

opinion and that is the charge that the court erred in overruling defendant's motion for a directed verdict. This charge is based upon that part of the agreed statement of facts, being the first paragraph therein, as follows:

"It is agreed between the parties hereto, by their respective counsel, that for the purpose of the hearing of this case and of any appeal which may be taken from the judgment rendered therein, that the following facts are to be taken as and for the facts in this case upon which the judgment is to be rendered."

It is urged that testimony in support of further facts than those contained in the stipulation should not have been admitted.

We hold against defendant in this respect because the agreed statement does not say, in words, that the facts therein contained are all the facts material to the issues. It is argued by plaintiff that an agreed statement of facts filed in a pending cause amounts to no more than a special verdict. Under section 1548, Revised Statutes 1919, such an agreed statement of facts applies to cases filed and determined without suit. In that event disposition of the cause under said section would be in the nature of a special verdict. Herein a suit had been filed and the parties agreed to a statement of facts and stipulated that "for the purpose of the hearing of this case and of any appeal which may be taken . . . the following facts are to be taken as and for the facts . . . upon which judgment is to be rendered." It will be noted that while the stipulation provides that the facts therein stated shall be taken "as and for the fact . . . upon which the judgment is to be rendered," the agreed statement does not say that these are all the facts. No direct reference is made to the fact that at the death of John J. Flynn the note was not owned by, nor in the possession of, the defendant. This was developed at the trial. We held on the former appeal that the burden was on plaintiff to show that when the suit against defendant herein and the Flynn estate was instituted plaintiff had no knowledge of the material facts that at the time of Flynn's death and when the account of Flynn was attempted to be charged with the balance to its credit and credit made on the note above mentioned, the defendant did not own the note and that it was not due; and this court sent the case back in order that plaintiff might be given an opportunity to furnish such material proof, if it could.

If it is true, as plaintiff contends, that an agreed statement of facts is in the nature of a special verdict and has the same effect and the record shows that the material facts herein were insufficiently stated, under the provisions of section 1514, Revised Statutes 1919, we may "remand the cause and order another trial to ascertain the facts," as was done on the former appeal. [City of Stanberry v. Jordan, 145 Mo. 371; State ex rel. v. Merriam, 159 Mo. 655; State ex rel. v.

McCune, 129 Mo. App. 511.] We hold against defendant on this point.

Defendant vigorously insists that the court erred in refusing to admit in evidence the petition in the case of Horigan Realty Company v. Estate of Flynn, and this defendant, in the circuit court of Buchanan county. The petition was offered in evidence and is before us for consideration under the above charge of error. A careful reading of the refused petition fails to show that it mentions the material facts above mentioned, for supplying which this cause was remanded, to-wit, the knowledge of the alleged misapplication of the money which we held to be a trust fund. We hold there was no error in the ruling of the court in this respect.

We fail to find reversible error of record. The judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.